## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., | |
| Plaintiffs, | C.A. No. 22-1538-CJB |
| v. | **JURY TRIAL DEMANDED** |
| PALO ALTO NETWORKS, INC., | |
| Defendant. | |

## OPENING BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO TRANSFER VENUE

Dated: February 2, 2023

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Adrian C. Percer (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
adrian.percer@weil.com

Anish R. Desai (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
tom.yu@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
2001 M Street, NW Suite #600
Washington, D.C. 20036
Telephone: (202) 682-7000
priyata.patel@weil.com

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ......................................................................1

II.    NATURE AND STAGE OF PROCEEDINGS.............................2

III.   BRIEF STATEMENT OF FACTS .................................................3

       A.    BT Has Minimal Contacts in Delaware and Two of the Named
             Inventors Reside in Northern California ................................3

       B.    PAN Has Substantial Connection to Northern California and
             Minimal Connection with Delaware ......................................4

IV.    LEGAL STANDARD ..................................................................5

V.     ARGUMENT..............................................................................7

       A.    Venue is Proper in the Northern District of California........................7

       B.    The Private Interest Factors Strongly Favor Transfer........................7

             1.    Factor 1: BT's Choice of Forum Is Not Its Home Forum
                   .................................................................................7

             2.    Factor 2: PAN's Headquarters, Witnesses, and Evidence
                   Are Predominately within California...........................8

             3.    Factor 3: The Claims Arose in California...................9

             4.    Factor 4: Physical Proximity and Financial Conditions
                   Make California a More Convenient Forum for Both
                   Parties....................................................................11

             5.    Factor 5: Most Witnesses Reside in California and No
                   Expected Witnesses Reside in Delaware ...................12

             6.    Factor 6: Location of Books and Records Is Neutral ..............13

       C.    The Public Interest Factors Favor Transfer.........................13

i

1.  Factor 7: Enforceability of the Judgment is Neutral .................13

2.  Factor 8: Practical Considerations Make Trial in Delaware Difficult and Relatively More Expensive .................13

3.  Factor 9: Relative administrative difficulty favors transfer .................................................................................14

4.  Factor 10: Local Interest in Deciding Local Controversies at Home is Neutral .................................15

5.  Factor 11: Public Policies of the Fora Is Neutral .....................15

6.  Factor 12: Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases Is Neutral ...............16

VI.   CONCLUSION .............................................................................16

ii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Applied Predictive Techs., Inc. Marketdial, Inc. et al.,*
No. 18-cv-00963-CFC, 2019 WL 2745724 (D. Del. July 1, 2019)..........7, 13, 14

*British Telecomm. PLC v. Fortinet, Inc.,*
1:18-cv-01018 (D. Del. Jan. 4, 2022) .................................................................14

*Contour IP Holding, LLC v. GoPro, Inc.,*
No. 15-cv-1108-LPS-CJB, 2017 WL 3189005 (D. Del. July 6,
2017) .............................................................................................................10

*Express Mobile, Inc. v. Web.com Grp., Inc.,*
No. 19-cv-1936-RGA, 2020 WL 3971776 (D. Del. July 14, 2020)...................15

*In re Genentech, Inc.,*
566 F.3d 1338 (Fed. Cir. 2009) .....................................................................8, 12

*General Scientific Corp. v. Den-Mat Holdings,*
No. 21-cv-00882, 2021 WL 4622548 (D. Del. Oct 7, 2021) ................14, 15, 16

*Good Tech. Corp. v. MobileIron, Inc.,*
No. 14-cv-1308-LPS, 2015 WL 1458091 (D. Del. Mar. 27, 2015) ....................8

*Intellectual Ventures I LLC v. Altera Corp.,*
842 F. Supp. 2d 744 (D. Del. 2012)..............................................................9, 12

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (3d Cir. 1995) ................................................................2, 6, 7, 13

*Linex Techs., Inc. v. Hewlett-Packard Co.,*
No. 11-cv-400-GMS, 2013 WL 105323 (D. Del. Jan. 7, 2013)..........................8

*In re Link_A_Media Devices Corp.,*
662 F.3d 1221 (Fed. Cir. 2011) .....................................................................7, 11

*McRo, Inc. v. Activision Blizzard, Inc.*,
    Civil Action No. 12-1508-LPS-CJB, 2013 WL 6571618 (D. Del.
    Dec. 13, 2013) .................................................................................................9

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
    No. 12-cv-00462-GMS, 2012 WL 3777423 (D. Del. Aug. 30,
    2012) ...............................................................................................................6

*Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*,
    126 F. Supp. 3d 430 (D. Del. 2015) ..............................................................10

*Pragmatus AV, LLC v. Yahoo! Inc.*,
    No. 11-cv-902-LPS-CJB, 2013 WL 4629000 (D. Del. Aug. 28,
    2013) .............................................................................................................14

*Semcon Tech, LLC v. Intel Corp.*,
    No. 12-cv-531-RGA, 2013 WL 126421 (D. Del. Jan. 8, 2013) ....................7, 8

*Signal Tech, LLC v. Analog Devices, Inc.*,
    No. 11-cv-1073-RGA, 2012 WL 1134723 (D. Del. Apr. 3, 2012) ...................8

*Tumbaga v. Equifax Info. Servs., LLC*,
    No. 19-cv-1560-MN, 2020 WL 4673907 (D. Del. Aug. 12, 2020)...................11

*Wacoh Co. v. Kionix Inc.*,
    845 F. Supp. 2d 597 (D. Del. 2012).................................................................11

*Williamsburg Furniture, Inc. v. Lippert Components, Inc.*,
    No. 19-cv-1993-CFC, 2020 WL 331119 (D. Del. Jan. 21, 2020)...............13, 14

**Statutes**

28 U.S.C. § 1400(b) ...................................................................................................5

28 U.S.C. § 1404(a) ...........................................................................................1, 3, 5

## I.      INTRODUCTION

Defendant Palo Alto Networks, Inc. ("PAN") submits this Memorandum of Law in Support of its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), to the Northern District of California.  The facts in this case strongly favor transfer. The only apparent connections between this case and the District of Delaware are British Telecommunications plc and BT Americas, Inc.'s (collectively, "BT" or "Plaintiffs") choice of forum, BT Americas, Inc.'s incorporation in Delaware, and PAN's incorporation in Delaware.  British Telecommunications plc has no contacts with Delaware, and no party's principal place of business is in Delaware; the allegedly infringing products were not developed in Delaware; and no expected witnesses or records are in Delaware.  PAN's principal place of business, as well as its relevant witnesses and documents regarding the accused products are in Northern California or Israel.  Furthermore, none of the three inventors of the asserted patents resides in Delaware and instead, two reside in Northern California.  This Court has repeatedly acknowledged that a defendant's incorporation in Delaware does not justify denying transfer where, as here, another forum has demonstrably closer ties to the dispute, the parties, the witnesses, and the evidence.  Here, the Northern District of California has those closer ties to this case.

As this Court is aware, the Third Circuit has identified a series of private and public interest factors for district courts to consider when ruling on a motion to

transfer venue.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The private and public interest factors strongly weigh in favor of a transfer to the

Northern District of California.  Accordingly, for the convenience of the parties and

witnesses, and in the interest of justice, PAN respectfully requests the Court transfer

this case to the Northern District of California.

## II.    NATURE AND STAGE OF PROCEEDINGS

PAN was founded in 2005 in Northern California, and is a cybersecurity

leader focusing in network security, secure access service edge, cloud security,

security operations, and threat intelligence and security consulting.  It is incorporated

in Delaware, and maintains its principal place of business and headquarters in Santa

Clara, CA.  Ince-Schroeder Decl, ¶ 2.  British Telecommunications plc is a foreign

corporation that is organized under the laws of England and Wales and has a

principal place of business in London.  Complaint, ¶ 4.  BT Americas, Inc. has a

principal place of business in Dallas, TX and is organized under Delaware law.  *Id.*

at ¶ 5.

From June 2018 to February 2022, chief counsel for Intellectual Property

Rights of BT ("BT's IP Counsel") sent a series of letters to PAN's headquarters in

Santa Clara, CA stating that certain PAN products, according to BT, infringe the

asserted patents.  Complaint, ¶ 19.  PAN conducted an investigation of BT's claims

in California.  *See id.* at ¶ 20.  PAN and BT then engaged in confidential phone calls

2

and video conferences, which PAN's representatives took from within the Northern District of California.  *See id.* at ¶ 24.

On November 28, 2022, BT filed this action against PAN alleging infringement of U.S. Patent Nos. 7,159,237 and 7,895,641 ("Asserted Patents"). According to the Complaint, PAN's "Strata" network security platform (e.g., PA-Series, CN-Series, VM-Series, and Prisma Access); PAN's WildFire; PAN's Unit 42; and PAN's Cortex XDR platform (collectively, "Accused Products") infringe these patents.  Complaint, ¶ 17.  By the present motion, PAN respectively moves to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## III.   BRIEF STATEMENT OF FACTS

### A.   BT Has Minimal Contacts in Delaware and Two of the Named Inventors Reside in Northern California

BT has minimal contacts in Delaware.  British Telecommunications plc is a foreign corporation that is organized under the laws of England and Wales and has a principal place of business in London.  Complaint, ¶ 4.  BT Americas, Inc. has a principal place of business in Dallas, TX.  Complaint, ¶ 5.  Upon information and belief, the only connection BT has to Delaware is that BT Americas, Inc. is organized under Delaware law whereas British Telecommunications plc has no connection to Delaware.  *Id.*  BT appears to have no offices or employees in Delaware.  *Id.*  Nor is

3

there any apparent connection between Delaware and BT's patents. And while BT alleges that it spends over six hundred million pounds sterling annually on research and development (Complaint, ¶ 14), BT actually acquired the Asserted Patents as part of its acquisition of Counterpane Internet Security, which was located in Mountain View, California in the Northern District of California. The Asserted Patents identify three non-party inventors: Bruce Schneier, Andrew H. Gross, and Jonathan D. Callas. *Id.* at ¶¶ 30-34. Mr. Gross and Mr. Callas are listed on the face of the patents as residents of San Jose, CA, and upon information and belief, Mr. Callas continues to reside in San Jose, while Mr. Gross resides in Santa Clara County in California. Barry Decl., ¶¶ 3-6. Upon information and belief, Mr. Schneier resides in Massachusetts.

## B.   PAN Has Substantial Connection to Northern California and Minimal Connection with Delaware

PAN's headquarters and principal place of business is in Santa Clara, CA, which is within the Northern District of California. Ince-Schroeder Decl., ¶ 2. PAN has over 4,000 employees located in California, with most employees assigned to its headquarters. *Id.* at ¶ 3. The Accused Products were predominately designed, developed, and continue to be maintained at PAN headquarters, and the engineering teams and personnel most knowledgeable about design, development, and maintenance predominately work from PAN headquarters. Ince-Schroeder Decl.,

4

¶¶ 5-9.  The departments and employees who are responsible for sales, marketing, and financial matters related to the Accused Products are also predominately located at PAN headquarters, and the relevant documents and evidence related to the Accused Products are located at PAN headquarters or in Israel.  *Id.* at ¶¶ 6-7.  Moreover, the electronic data and source code regarding the Accused Products can be accessed and retrieved from Santa Clara, California or Israel.  *Id.* at ¶ 6.

Like many corporations, PAN is a corporation organized and existing under the laws of the State of Delaware.  Ince-Schroeder Decl. ¶ 2.  But PAN has no offices or other facilities in Delaware.  *Id.* at ¶¶ 2, 10.  PAN is not aware of any expected party witnesses in Delaware.  *Id.* at ¶ 8.

## IV.   LEGAL STANDARD

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Transfer under this section is considered in two steps.

First, the Court determines whether the proposed transferee forum is the "district or division where [the case] might have been brought."  *Id.*  A patent infringement action, like the present one, "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of

infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).

Second, the Court considers whether transfer would best serve the convenience of the parties and witnesses as well as the interests of justice.  *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, No. 12-cv-00462-GMS, 2012 WL 3777423, at *4 (D. Del. Aug. 30, 2012).  Under Third Circuit law, that consideration entails balancing private and public interest factors set forth in *Jumara*.  The private interest factors include: (1) the plaintiff's forum preference as manifested in its original choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses (to the extent they may be unavailable for trial); and (6) the location of books and records.  55 F.3d at 879 (citations omitted and numbering added).  The public interest factors include: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases.  *Id.* at 879–80 (citations omitted and numbering added).

## V.    ARGUMENT

### A.    Venue is Proper in the Northern District of California

The proposed transferee forum is the Northern District of California. Although PAN denies infringement, this case may have been brought in that district because PAN has its headquarters and principal place of business in the Northern District of California.  *See, e.g.*, *Applied Predictive Techs., Inc. Marketdial, Inc. et al.*, No. 18-cv-00963-CFC, 2019 WL 2745724, at *1 (D. Del. July 1, 2019) (where defendant had principal place of business in transferee forum, the court found it "undisputed that this action could have been brought in [that forum].").

### B.    The Private Interest Factors Strongly Favor Transfer

#### 1.    Factor 1: BT's Choice of Forum Is Not Its Home Forum

Although *Jumara* places weight on a plaintiff's choice of forum, "that choice of forum is entitled to less weight" "[w]hen a plaintiff brings its charges in a venue that is not its home forum."  *See, e.g.*, *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (collecting cases); *Semcon Tech, LLC v. Intel Corp.*, No. 12-cv-531-RGA, 2013 WL 126421, at *2 (D. Del. Jan. 8, 2013).

Delaware is not BT's home forum.  British Telecommunications plc is a foreign corporation that is organized under the laws of England and Wales and has a principal place of business in London.  Complaint, ¶ 4; *In re Link_A_Media*, 662 F.3d at 1223 ("when a plaintiff is foreign, the presumption of favor for its choice of

forum is 'much less reasonable'" (internal citations omitted)).  BT Americas, Inc. has a principal place of business in Dallas, TX.  The only apparent connection BT has to Delaware is that BT Americas, Inc. is organized under Delaware law.  *Id.* Courts within this district have granted motions to transfer involving similar circumstances where neither plaintiff nor defendant's home forum was in Delaware, regardless of any party's state of incorporation.  *See, e.g.*, *Semcon*, 2013 WL 126421, at *2; *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 11-cv-400-GMS, 2013 WL 105323, at *1 (D. Del. Jan. 7, 2013).

Therefore, while this factor weighs in BT's favor, it does not weigh "as strongly as it would [have] if [BT] had its principal place of business (or, indeed, any place of business) in Delaware."  *Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-cv-1073-RGA, 2012 WL 1134723, at *2 (D. Del. Apr. 3, 2012).

### 2. Factor 2: PAN's Headquarters, Witnesses, and Evidence Are Predominately within California

"This Court has often held that the physical proximity of a defendant's place of business (and relatedly, of witnesses and evidence potentially at issue in the case) to the proposed transferee district is a clear, legitimate basis for seeking transfer to that district."  *Good Tech. Corp. v. MobileIron, Inc.*, No. 14-cv-1308-LPS, 2015 WL 1458091, at *4 (D. Del. Mar. 27, 2015).  PAN is headquartered and has its principal place of business in Santa Clara, California, which is within the Northern District of

8

California.  Ince-Schroeder Decl., ¶ 2.  Most expected PAN party witnesses work out of PAN's headquarters and reside within the Northern District of California, while some work and reside in Israel.  *Id.* at ¶¶ 5-9.  The bulk of the relevant evidence for this case is also in the Northern District of California.  *Id.*; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").   No expected witnesses are located in Delaware.  Ince-Schroeder Decl., ¶¶ 5, 7-10.  This factor favors transfer.

### 3.    Factor 3: The Claims Arose in California

Under factor 3, the Court evaluates "whether the claim arose elsewhere."  A claim regarding patent infringement arises "wherever someone … 'makes, uses, offers to sell, or sells any patented invention' without authority." *McRo, Inc. v. Activision Blizzard, Inc.,* Civil Action No. 12-1508-LPS-CJB, 2013 WL 6571618, at *5 (D. Del. Dec. 13, 2013) (internal quotation marks and citations omitted), *adopted by* 2013 WL 6869866 (D. Del. Dec. 30, 2013). As to this factor, this Court typically focuses on the location of the production, design and manufacture of the accused instrumentalities. *Id.* (citing cases); *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012), *mandamus denied sub nom. In re Altera Corp.*, 494 Fed. App'x 52 (Fed. Cir. 2012) ("'[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this

factor should be weighed in that venue's favor.'") (quoting *In re Hoffman-La Roche, Inc.,* 587 F.3d 1333, 1338 (Fed. Cir. 2009)).

No production, design, or development of the Accused Products occurred in Delaware. *See* Ince-Schroeder Decl., ¶¶ 5, 10. In contrast, it cannot be disputed that a substantial amount of allegedly infringing activity occurs in the Northern District of California based on PAN's activities there. *Id.* at ¶¶ 5-9. The Accused Products were predominately designed, developed, and tested at PAN's Santa Clara headquarters, and are maintained predominately by employees located at PAN's headquarters. *Id.* Similarly, because PAN's departments and employees responsible for sales, marketing, and financial matters related to the Accused Products are also predominately located at PAN headquarters, PAN's offers to sell and PAN's sales of the Accused Products are made predominantly from the Northern District of California. *Id.* at ¶¶ 7-9. Thus, BT's allegations of direct and indirect infringement by PAN strongly emanate from the Northern District of California. *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 439 (D. Del. 2015). This factor favors transfer as "any infringement likely would have occurred to a greater extent in the Northern District of California than in any other district (including this one)." *Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-cv-1108-LPS-CJB, 2017 WL 3189005, at *10 (D. Del. July 6, 2017); *NST Global*, 2019 WL 2994696, at *2 (finding "this factor weighs in favor of transfer" where products were

10

designed in transferee district even though some products were sold in transferor district).

### 4. Factor 4: Physical Proximity and Financial Conditions Make California a More Convenient Forum for Both Parties

"Determining convenience of parties requires the Court to consider: (1) the parties' physical location; (2) the associated logistical and operational costs to the parties in traveling to Delaware—as opposed to the proposed transferee district—for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Tumbaga v. Equifax Info. Servs., LLC*, No. 19-cv-1560-MN, 2020 WL 4673907, at *3 (D. Del. Aug. 12, 2020).

PAN's potential party witnesses, documents, and records are predominately located in California. Ince-Schroeder Decl., ¶¶ 5-9. Litigating this matter in the Northern District of California would therefore cause less disruption to PAN and its witnesses than litigating this matter in the District of Delaware. *See Wacoh Co. v. Kionix Inc.*, 845 F. Supp. 2d 597, 603 (D. Del. 2012). Upon information and belief, not only are all of BT's employees, party witnesses, documents, books, and records located outside Delaware, but two of the three named inventors of the Asserted Patents reside in the Northern District of California. Barry Decl., ¶¶ 3-6. This is a significant fact supporting transfer. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) (granting petition for writ of mandamus and directed district

court to transfer case to venue in which inventors reside).  And while British Telecommunications plc is based in London, which is closer to Delaware, there are direct flights with commensurate travel times from London to the Northern District of California.  Thus, the expense and effort for BT to appear in California versus Delaware would be roughly the same, and based on the allegations in the Complaint, BT has the financial wherewithal to bear the costs of litigating in either Delaware or California.  *See* Complaint, ¶ 14 (noting that BT "spends over £600,000,000 (six hundred million pounds sterling) annually on research and development").  Therefore, this factor strongly supports transfer.

### 5. Factor 5: Most Witnesses Reside in California and No Expected Witnesses Reside in Delaware

"The convenience of the witnesses is probably the single most important factor in [the] transfer analysis."  *In re Genentech*, 566 F.3d at 1343.  As stated above, BT acquired the Asserted Patents from a third-party company located in Mountain View, California.  Most of the expected witnesses, including two of the three inventors, reside in California and no expected witnesses reside in Delaware.  It would also unduly inconvenience two of the inventors, who no longer work for BT (Complaint, ¶¶ 32-33), to appear in Delaware.  *Altera*, 842 F. Supp. 2d at 757.  Therefore, this factor strongly supports transfer.  *In re Genentech*, 566 F.3d at 1345 ("Because a substantial number of material witnesses reside within the transferee

12

venue and the state of California, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in favor of transfer.").

### 6.     Factor 6: Location of Books and Records Is Neutral

"*Jumara* instructs [the Court] to give weight to the location of books and records only 'to the extent that the files [and other documentary evidence] could not be produced in the alternative forum." *Williamsburg Furniture, Inc. v. Lippert Components, Inc.*, No. 19-cv-1993-CFC, 2020 WL 331119, at *5 (D. Del. Jan. 21, 2020) (quotations omitted).  None of PAN's evidence is located in Delaware (Ince-Schroeder Decl., ¶ 5-10); and, upon information and belief, none of BT's evidence is located in Delaware either.  In any event, PAN is not presently aware of any evidence that it could not produce in either forum so this factor is neutral.

### C.     The Public Interest Factors Favor Transfer

### 1.     Factor 7: Enforceability of the Judgment is Neutral

PAN has no concerns regarding the enforceability of a judgment rendered by either forum.  This factor is neutral.

### 2.     Factor 8: Practical Considerations Make Trial in Delaware Difficult and Relatively More Expensive

*Jumara* instructs that the Court to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879.  "This factor strongly favors transfer… [where, as here,] [n]either [party] has a connection with

13

Delaware other than its incorporation status" (*Applied Predictive*, 2019 WL 2745724, at *5), and where "most…relevant employees and documents are already located in [the transferee forum]" (*NST*, 2019 WL 2994696, at *3).  These practical considerations would make trial difficult and relatively more expensive for both parties.

Moreover, although Judge Connelly has previously presided over a now-terminated case involving the same patents, a different defendant, and different accused products, this Court has no previous experience with these patents.  *British Telecomm. plc v. Fortinet, Inc.*, 1:18-cv-01018 (D. Del. Jan. 4, 2022).  And, because that previous case is now terminated and because it involved a different defendant and accused products, there is no risk that transferring this case would result in the "prospect of overlapping discovery and overlapping legal issues that would have to be addressed in two fora."  *Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-cv-902-LPS-CJB, 2013 WL 4629000, at *9 (D. Del. Aug. 28, 2013), *report and recommendation adopted*, 2013 WL 5755250 (D. Del. Oct. 22, 2013).

This factor strongly weighs in favor of transfer.

### 3.    Factor 9: Relative administrative difficulty favors transfer

The caseload of this District compared to the Northern District of California also favors transfer.  *Williamsburg*, 2020 WL 331119, at *6 ("Given that the number of weighted filings are significantly higher in the District of Delaware than in the

14

[transferee district], this factor favors transfer."); *Applied Predictive*, 2019 WL 2745724, at *5. The below chart containing relevant data regarding respective caseloads demonstrates that the District of Delaware has a greater case load than the Northern District of California, and also has more open patent cases, "which are especially complex and time-consuming to adjudicate." *General Scientific Corp. v. Den-Mat Holdings*, No. 21-cv-00882, 2021 WL 4622548, at *3 (D. Del. Oct 7, 2021). This factor favors transfer.

|  | Weighted Filings per Judgeship[1] | Open Patent Cases |
|---|---|---|
| **District of Delaware** | 956 | 804 |
| **Northern District of California** | 809 | 226 |

### 4. Factor 10: Local Interest in Deciding Local Controversies at Home is Neutral

"This factor is neutral, since, as a general rule, patent issues do not give rise to a local controversy or implicate local interests." *General Sci.*, 2021 WL 4622548, at *4 (internal quotations omitted).

### 5. Factor 11: Public Policies of the Fora Is Neutral

This factor is neutral because, although Delaware's public policy "encourages

---

[1] https://www.uscourts.gov/sites/default/files/data_tables/jb_x1a_0930.2021.pdf (providing data on weighted filings per Judgeship during the 12-month period ending September 30, 2021).

the use by Delaware corporations of Delaware as a forum for resolution of business disputes," "this generally applies to the use of Delaware's state courts, including the highly respected Court of Chancery, to resolve disputes of Delaware law." *Express Mobile, Inc. v. Web.com Grp., Inc.*, No. 19-cv-1936-RGA, 2020 WL 3971776, at *5 (D. Del. July 14, 2020) (internal quotations omitted).

### 6. Factor 12: Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases Is Neutral

BT's "claims arise under federal patent law.  Therefore, the familiarity of the respective districts with state law is not applicable and this factor is neutral." *General Sci.*, 2021 WL 4622548, at *4.

## VI. CONCLUSION

As detailed above, factors 2, 3, 4, 5, 8 and 9 weigh in favor of transfer, factors 6, 7, 10, 11 and 12 are neutral, and only factor 1 weighs against transfer.  For these reasons, PAN respectfully requests that the Court transfer this case to the Northern District of California.

16

Dated: February 2, 2023

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Adrian C. Percer (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
adrian.percer@weil.com

Anish R. Desai (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
tom.yu@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
2001 M Street, NW Suite #600
Washington, D.C. 20036
Telephone: (202) 682-7000
priyata.patel@weil.com

*Attorneys for Defendant*

17

## <u>WORD COUNT CERTIFICATION</u>

The undersigned hereby certifies that the Opening Brief in Support of Defendant's Motion to Transfer Venue contains 3,594 words (exclusive of the cover page, table of contents, table of authorities, and signature block) in Times New Roman 14-point font, counting using Microsoft Word 2016.

Dated: February 2, 2023

/s/ Michael J. Farnan
Michael J. Farnan (Bar No. 5165)