

July 11, 2023

**VIA E-FILING**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

    Re:    *BT Americas, Inc., et al. v. Palo Alto Networks, Inc.*
                <u>C.A. No. 22-cv-1538-CJB</u>

Dear Judge Burke:

**(a) Which Supreme Court or Federal Circuit case is most similar to the challenged claim(s)? That is, each party is to identify which case provides the best analogy if this Court is to compare the claim(s) at issue in the relevant 101 Motion to claims previously found to be patent (in)eligible by a higher court.**

The claims in this case are directed to a combination of abstract ideas—collecting, filtering, analyzing and transmitting data, and then making modifications based on human feedback. The Federal Circuit has found claims ineligible that are analogous to the claims at issue here. The claims in *In re Rosenberg*, 813 F. App'x 594 (Fed. Cir. 2020) were directed to the "idea of deciding whether to fine-tune a given system (here, a clinical trial) based on reviewing the system's performance data." *Id*. at 596. More specifically, the computer-implemented method required "(a) collecting data…at a remote site…; (b) electronically transmitting the data…to a processing location; (c) checking the transmitted data at said process location, in automated fashion…; (d) electronically reporting the data to a pre-programmed computer module; (e) determining, by use of said pre-programmed computer module, whether procedures or parameters…require modification; and (f) providing instructions, based on said determining, to follow or modify the procedures or parameters…" *Id*. at 595.

The Federal Circuit explained that "because the claim simply invokes computer components such as a 'pre-programmed module' in a generic, functional way, 'the focus of the claims is not on such an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools.'" *Id*. at 597 (quoting *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016)). The claims were "at best an improvement on an abstract process itself, not a technical improvement, given the broad, non-specific nature of the claim." *Id*. In this case, the claims similarly invoke a generic "probe" that collects data, analyzes the data including by filtering, transmits information to a remote location, and then the probe is updated based on (human) feedback.

**(b) What is your view on how this "lack of how" argument can be relevant to the Section 101 eligibility calculus – and how much "how" the claims need to contain in order to suggest eligibility?**

The Federal Circuit has confirmed that the "lack of how" in a claim is relevant to whether a claim recites an improvement to computer functionality, as opposed to merely invoking a computer as a tool. *IBM v. Zillow Grp., Inc.*, 50 F.4th 1371, 1378 (Fed. Cir. 2022) ("We agree with the district court that the '789 patent is 'result-oriented, describing required functions (presenting, receiving, selecting, synchronizing), without explaining how to accomplish any of the tasks.'…It is written in 'result-based functional language' that 'does not sufficiently describe how to achieve these results in a non-abstract way.'"); *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1152 (Fed. Cir. 2019) ("Absent sufficient recitation of how the purported invention improved the functionality of a computer, the 'improvement' captured by those claims was recited at such a level of result-oriented generality that those claims amounted to a mere implementation of an abstract idea on a computer, not the specific way to improve the functionality of a computer."); *Elec. Power Grp.,* 830 F.3d at 1355 ("Merely requiring the selection and manipulation of information—to provide a 'humanly comprehensible' amount of information useful for users…by itself does not transform the otherwise-abstract processes of information collection and analysis. Inquiry therefore must turn to any requirements for how the desired result is achieved."). Relatedly, the Federal Circuit has also rejected the position that "the failure of the claims to designate how to achieve the desired result is exclusively an issue of enablement." *Am. Axle & Mfg. v. Neapco Holdings LLC*, 967 F.3d 1285, 1302 (Fed. Cir. 2019) (noting that the 101 "'how'…requirement… is that the claim itself…must go beyond stating a functional result," while the 112 "'how' requirement applies to the specification, not the claim").

In this case, the representative claim plainly lacks a recitation of "how" the generic probe "collect[s] status data," "filter[s]" and "analyz[es]" status data to achieve the result of "identify[ing] potentially security related events," "transmit[s] information" to an analyst, and is "dynamically modif[ied]" based on human feedback. It is not genuinely disputed that collecting, filtering, analyzing, and transmitting data, as well as optimizing a system using feedback are abstract ideas. Moreover, the patent specification confirms that the purported invention is to invoke a human to perform analysis, and ***not*** a specific improvement in how the computer carries out a basic function such as collecting, filtering, analyzing, or transmitting data. *Compare* '237 Patent, 1:33-35 ("A monitoring, detection and response system that ***employs human intelligence***, ***uses trained personnel in the loop***…") *with* 8:57-59 ("Negative filtering, positive filtering, and residue analysis are examples of data discrimination analyses, other types of which are ***well-known to those skilled in the art***.") (emphasis added). Accordingly, the "lack of how" confirms that "the focus of the claims is not on such an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools." *Elec. Power Group*, 830 F.3d at 1354.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)