# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant. | C.A. No. 22-1538-CJB <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT PALO ALTO NETWORKS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS BRITISH TELECOMMUNICATIONS PLC AND BT AMERICAS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Palo Alto Networks, Inc. (hereinafter, "PAN") hereby submits its Answer and Affirmative Defenses to the Complaint for Patent Infringement ("Complaint") (D.I. 1) filed by British Telecommunication plc ("BT plc") and BT Americas, Inc. ("BT Inc.") (collectively, "BT" or "Plaintiffs") as follows:

Except as expressly admitted herein, PAN denies the allegations in the Complaint.

To the extent PAN uses certain terms from the Complaint in this response, such use is not an acknowledgement or admission of any characterization BT seeks to associate with any such terms.

## RESPONSE TO ALLEGATIONS CONCERNING THE NATURE OF THIS ACTION

1.      PAN admits that BT purports to bring this action for patent infringement. PAN admits that U.S. Patent No. 7,159,237 ("the '237 Patent") is entitled "Method and system for dynamic network intrusion monitoring, detection and response." PAN admits that U.S. Patent No. 7,895,641 ("the '641 Patent") is entitled "Method and system for dynamic network intrusion

monitoring, detection and response." PAN denies the remaining allegations in this paragraph.

2.      PAN admits that what purports to be a copy of the '237 Patent was attached to the Complaint as Ex. A.

3.      PAN admits that what purports to be a copy of the '641 Patent was attached to the Complaint as Ex. B.

### RESPONSE TO ALLEGATIONS CONCERNING THE PARTIES

4.      PAN lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies those allegations.

5.      PAN lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies those allegations.

6.      PAN admits that it is a Delaware corporation with its principal place of business at 3000 Tannery Way, Santa Clara, CA 95054. PAN admits that it can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

### RESPONSE TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE

7.      PAN admits that this action for patent infringement purports to arise under the United States patent statutes, 35 U.S.C. § 100 et seq.  PAN denies that this action has merit.

8.      PAN admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.      PAN admits that it is incorporated in Delaware and that this Court has personal jurisdiction over PAN for the purposes of this action only, but otherwise denies the allegations contained in paragraph 9 of the Complaint.

10.     PAN admits that it is incorporated in Delaware.  PAN admits that venue is technically proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b) but avers that venue is more appropriate in the Northern District of California under 28 U.S.C. § 1404.

## FACTUAL BACKGROUND

### British Telecommunications plc, BT Americas, Inc. and Counterpane

11.     PAN lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore denies those allegations.

12.     PAN lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies those allegations.

13.     PAN lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore denies those allegations.

14.     PAN lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore denies those allegations.

15.     PAN lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore denies those allegations.

16.     PAN lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore denies those allegations.

### Palo Alto Networks

17.     In response to paragraph 17 of the Complaint, PAN admits that it offers Next-Generation firewall products including PA-Series, CN-Series, VM-Series, and Prisma Access. PAN denies that its products and services incorporate technologies invented by BT and Counterpane.  PAN lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17, and on that basis denies them.

18.     In response to paragraph 18 of the Complaint, PAN admits that PAN received a letter from BT plc dated June 28, 2018.  PAN admits that attached with the June 28, 2018 letter were what BT represented as claim charts of claim 1 of the '237 Patent and claim 1 of the '641 Patent, which were the only patent claims identified by BT plc at that time.  The June 28, 2018

letter speaks for itself, and PAN denies any characterization by BT of the letter.  PAN denies the remaining allegations in paragraph 18.

19.    PAN admits that the June 28, 2018 letter was purportedly sent by the chief counsel for Intellectual Property Rights of BT plc.  PAN admits that it received with the letter what BT represented as claim charts of claim 1 of the '237 Patent and claim 1 of the '641 Patent, which were the only patent claims identified by BT at that time.  The June 28, 2018 letter speaks for itself, and PAN denies any characterization by BT of the letter.  PAN denies the remaining allegations in paragraph 19.

20.    PAN admits that it responded to the June 28, 2018 letter.  PAN's response speaks for itself, and PAN denies any characterization by BT of its response.  PAN denies the remaining allegations in paragraph 20.

21.    PAN admits it received letters from BT plc dated January 14, 2020 and January 22, 2020.  The January 14, 2020 and January 22, 2020 letters speak for themselves, and PAN denies any characterization by BT of the letters.  PAN denies the remaining allegations in paragraph 21.

22.    PAN admits that PAN received a letter from BT plc dated August 27, 2021.  The August 27, 2021 letter speaks for itself, and PAN denies any characterization by BT of the letter.  PAN denies the remaining allegations in paragraph 22.

23.    PAN admits that PAN received a letter from BT dated January 20, 2022.  The January 20, 2022 letter speaks for itself, and PAN denies any characterization by BT of the letter.  PAN denies the remaining allegations in paragraph 23.

24.    PAN admits that it sent BT a letter on February 19, 2022 and that PAN and BT engaged in confidential discussions that did not result in any agreement.  PAN denies the remaining allegations in paragraph 24.

25.     PAN denies the allegations in paragraph 25.

26.     PAN denies the allegations in paragraph 26.

**<u>Response to Allegations that PAN Infringes the Schneier Patents</u>**

27.     PAN admits that the '237 Patent bears the issuance date January 2, 2007.  PAN lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27, and therefore denies them.

28.     PAN admits that the '641 Patent bears the issuance date February 22, 2011.  PAN admits that the face of the '641 Patent states that it is a continuation of the application that issued as the '237 patent.  PAN lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and therefore denies them.

29.     PAN denies that it has adopted the architecture of the '237 and '641 Patents.  PAN lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29, and therefore denies them.

30.     PAN lacks information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31.     PAN lacks information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32.     PAN admits that Jonathan D. Callas is listed as an inventor on the face of the '237 and '641 Patents.  PAN lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and therefore denies them.

33.     PAN admits that Andrew Gross is listed as an inventor on the face of the '237 and '641 Patents.  PAN lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34.     PAN lacks the knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 34 of the Complaint and therefore denies those allegations.

35.     The '237 and '641 Patents speak for themselves, and PAN denies any allegation in paragraph 35 that mischaracterizes the patents.

36.     PAN denies the allegations in paragraph 36 of the Complaint.

37.     PAN denies the allegations in paragraph 37 of the Complaint.

38.     PAN denies the allegations in paragraph 38 of the Complaint.

39.     PAN admits that it provides or has provided Strata, PA-Series, CN-Series, VM-Series, Prisma Access, WildFire, Unit 42, and Cortex security products and services.  PAN denies the remaining allegations in paragraph 39 of the Complaint.

<u>**COUNT I**</u>
**([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,159,237)**

40.     PAN repeats, re-alleges, and incorporates by reference its responses to paragraphs 1-39, above.

41.     PAN admits that it provides or has provided Strata, PA-Series, CN-Series, VM-Series, Prisma Access, and WildFire security products and services in the United States.  PAN denies the remaining allegations in paragraph 41 of the Complaint.

42.     PAN admits that claim 1 of the '237 Patent states the following:

A method of operating a probe as part of a security monitoring system for a computer network, comprising:

a) collecting status data from at least one monitored component of said network;

b) analyzing status data to identify potentially security-related events represented in the status data, wherein the analysis includes filtering followed by an analysis of post-filtering residue, wherein the post-filtering residue is data neither discarded nor selected by filtering;

c) transmitting information about said identified events to an analyst associated with said security monitoring system;

d) receiving feedback at the probe based on empirically-derived information reflecting operation of said security monitoring system; and

e) dynamically modifying an analysis capability of said probe during operation thereof based on said received feedback.

PAN denies the remaining allegations in paragraph 42.

43.     PAN denies the allegations in paragraph 43 of the Complaint.

44.     PAN admits that it provides or has provided Strata security products.  PAN denies all remaining allegations in paragraph 44.

45.     PAN admits that the excerpted figured is found in the document accessible via the link identified in paragraph 45.  To the extent that BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to PAN's products and services, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 45.

46.     PAN admits that it provides or has provided network security products including PA-Series, CN-Series, VM-Series, and Prisma Access, and collectively refers to these products as the next generation firewalls ("PAN NGFW").  To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 46.

47.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 47.

48.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and

correct content.  PAN denies the remaining allegations in paragraph 48.

49.     PAN admits that the excerpted figure is accessible via the links identified in paragraph 49.  To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 49.

50.     PAN denies the allegations in paragraph 50 of the Complaint.

51.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 51.

52.     To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 52.

53.     To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 53.

54.     To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 54.

55.     To the extent BT purports to characterize or summarize PAN's products or services,

PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 55.

56.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 56.

57.     PAN admits that a "Cortex XDR Pro Administrator's Guide" is accessible via the link identified in paragraph 57.  To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 57.

58.     PAN admits that a "Unit 42 Managed Detection and Response Service" document is accessible via the link identified in paragraph 58.  To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 58.

59.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 59.

60.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 60.

61.     PAN denies the allegations in paragraph 61 of the Complaint.

62.     PAN denies the allegations in paragraph 62 of the Complaint.

63.     PAN denies the allegations in paragraph 63 of the Complaint.

64.     PAN admits that it provides certain documents describing the operation of its security products to its customers.   To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.   PAN denies the remaining allegations in paragraph 64.

65.     PAN denies that it needs a license or permission to use any subject matter claimed in the '237 Patent.   PAN therefore denies the allegations in paragraph 65 of the Complaint.

66.     PAN denies the allegations in paragraph 66 of the Complaint.

67.     PAN denies that BT is entitled to any relief whatsoever from PAN, either as requested in paragraph 67 or otherwise.

68.     PAN denies the allegations in paragraph 68 of the Complaint.   PAN further denies that BT is entitled to any relief whatsoever from PAN, either as requested in paragraph 68 or otherwise.

## COUNT II
### ([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,895,641)

69.     PAN repeats, re-alleges, and incorporates by reference its responses to paragraphs 1-39, above.

70.     PAN admits that it provides or has provided Strata, PA-Series, CN-Series, VM-Series, Prisma Access, and WildFire security products and services in the United States.   PAN denies the remaining allegations in paragraph 70 of the Complaint.

71.     PAN admits that claim 1 of the '641 Patent states the following:

A system for operating a probe as part of a security monitoring system for a computer network, the system comprising:

a) a sensor coupled to collect status data from at least one monitored component of the network;

b) a filtering subsystem coupled to analyze status data to identify potentially security-related events represented in the status data, wherein the analysis includes filtering followed by an analysis of post-filtering residue, wherein the post-filtering residue is data neither discarded nor selected by filtering;

c) a communications system coupled to transmit information about the identified events to an analyst system associated with the security monitoring system;

d) a receiver for receiving feedback at the probe based on empirically-derived information reflecting operation of the security monitoring system; and; and

e) a modification control system for dynamically modifying an analysis capability of the probe during operation thereof based on the received feedback.

PAN denies the remaining allegations in paragraph 71, including that it infringed the '237 Patent.

72.     PAN denies the allegations in paragraph 72 of the Complaint.

73.     PAN admits that it provides or has provided Strata security products.  PAN denies all remaining allegations in paragraph 73.

74.     PAN admits that the excerpted figured is found in the document accessible via the link identified in paragraph 74.  To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 74.

75.     PAN admits that it provides or has provided network security products including PA-Series, CN-Series, VM-Series, and Prisma Access, and collectively refers to these products as the next generation firewalls ("PAN NGFW").  To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 75.

76.     To the extent BT purports to characterize or summarize PAN's products or services,

PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 76.

77.     PAN admits that the excerpted figured is found in the document accessible via the link identified in paragraph 77.  To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 77.

78.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 78.

79.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 79.

80.     To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 80.

81.     To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 81.

82.     To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the

publications for their true and correct content.  PAN denies the remaining allegations in paragraph 82.

83.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 83.

84.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 84.

85.     To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 85.

86.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 86.

87.     To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 87.

88.     To the extent BT purports to characterize or summarize PAN's products or services, PAN refers BT and the Court to PAN's marketing materials and publications for their true and correct content.  PAN denies the remaining allegations in paragraph 88.

89.     PAN denies the allegations in paragraph 89 of the Complaint.

90.     PAN denies the allegations in paragraph 90 of the Complaint.

91.     PAN denies the allegations in paragraph 91 of the Complaint.

92.     PAN admits that it provides certain documents describing the operation of its security products to its customers.  To the extent BT purports to excerpt, characterize, or summarize PAN's marketing materials and publications relating to the PAN NGFW, PAN refers BT and the Court to the publications for their true and correct content.  PAN denies the remaining allegations in paragraph 92.

93.     PAN denies that it needs a license or permission to use any subject matter claimed in the '604 Patent.  PAN denies the allegations in paragraph 93 of the Complaint.

94.     PAN denies the allegations in paragraph 94 of the Complaint.

95.     PAN denies that BT is entitled to any relief whatsoever from PAN, either as requested in paragraph 95 or otherwise.

96.     PAN denies the allegations in paragraph 96 of the Complaint.  PAN further denies that BT is entitled to any relief whatsoever from PAN, either as requested in paragraph 96 or otherwise.

## **PRAYER FOR RELIEF**

BT's Wherefore Clause contains requests for relief to which no response is required. To the extent a response is required, PAN denies each and every allegation contained in the remainder of the Complaint and denies that BT is entitled to any of the relief requested in BT's Wherefore Clause, or to any other relief as alleged in the Complaint.

## **DEMAND FOR JURY TRIAL**

PAN joins in BT's demand for a trial by jury on all issues so triable.

## GENERAL DENIAL

To the extent any allegation in the Complaint has not been specifically admitted, it is hereby denied.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging whether PAN bears any burden of proof as to any of the following defenses, PAN asserts the following affirmative defenses based upon information presently available to it.  PAN has not completed its investigations of defenses available to PAN, and therefore reserves the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available through discovery or otherwise.  By asserting the affirmative defenses below, PAN does not waive any unstated defenses, and reserves all affirmative defenses that may exist now or in the future.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

1.     PAN incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

2.     The Complaint fails to state a claim for which relief sought may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

3.     PAN incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

4.     The '237 Patent is not infringed because PAN does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid, enforceable claims of the '237 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

5. The '641 Patent is not infringed because PAN does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid, enforceable claims of the '641 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

## THIRD AFFIRMATIVE DEFENSE
### (LIMITATION ON DAMAGES)

6. PAN incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

7. Upon information and belief, BT's right to seek damages is limited, including and without limitation by 35 U.S.C. §§ 286 and 287.

## FOURTH AFFIRMATIVE DEFENSE
### (INVALIDITY)

8. PAN incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

9. The '237 Patent is invalid for failing to satisfy the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and 112. *See e.g.,* D.I. 12; *Palo Alto Networks, Inc. v. BT Americas, Inc.*, IPR2023-00888, Petition (P.T.A.B. Apr. 28, 2023). For example, the claimed method of and system of collecting, filtering, and analyzing data, and transmitting information about the data to a human for feedback are anticipated and rendered obvious by the prior art, including for example: U.S. Patent No. 5,884,033; Yang-hua Chu, "*Trust Management for the World Wide Web*," M.I.T.; U.S. Patent Publication No. 2001/0039579; U.S. Patent No. 6,484,315; Sinrod et al., "*Cyber-Crimes: A Practical Approach to the Application of Federal Computer Crime Laws*," Santa Clara High Technology Law Journal (Jan. 2000); Guttman et al., "*Implementing Internet Firewall Security Policy*," National Institute of Standards and

Technology (Apr. 13, 1998); Rothfuss et al., "*Go Ahead, Visit Those Websites, You Can't Get Hurt ... Can You?*," Lawrence Livermore National Laboratory (June 3,1997); Coates et al., "*Melissa Virus Exposes High-Tech Vulnerability*," Chicago Tribune (Mar. 30, 1999); Abie, "*An Overview of Firewall Technologies*," Norwegian Computing Center (Jan. 2000); U.S. Patent No. 6,775,657; Escamilla, T., "*Intrusion Detection: Network Security Beyond the Firewall*," Wiley Press, 263-281 (1998); U.S. Patent No. 5,261,044; and U.S. Patent No. 5,768,501.  In addition, the claims of the '271 Patent are not patent eligible because they are directed to the abstract idea of collecting, filtering, analyzing and transmitting data and then making modifications based on human feedback, and the claims do not recite an inventive concept that would transform the representative claim into patent-eligible subject matter.

10.     The '641 Patent is invalid for failing to satisfy the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  *See e.g.,* D.I. 12; *Palo Alto Networks, Inc. v. BT Americas, Inc.*, IPR2023-00889, Petition (P.T.A.B. Apr. 28, 2023).  For example, the claimed method of and system of collecting, filtering, and analyzing data, and transmitting information about the data to a human for feedback are anticipated and rendered obvious by the prior art, including for example: U.S. Patent No. 5,884,033; Yang-hua Chu, "*Trust Management for the World Wide Web*," M.I.T.; U.S. Patent Publication No. 2001/0039579; U.S. Patent No. 6,484,315; Sinrod et al., "*Cyber-Crimes: A Practical Approach to the Application of Federal Computer Crime Laws*," Santa Clara High Technology Law Journal (Jan. 2000); Guttman et al., "*Implementing Internet Firewall Security Policy*," National Institute of Standards and Technology (Apr. 13, 1998); Rothfuss et al., "*Go Ahead, Visit Those Websites, You Can't Get Hurt ... Can You?*," Lawrence Livermore National Laboratory (June 3,1997); Coates, et al., "*Melissa Virus Exposes High-Tech Vulnerability*," Chicago Tribune (Mar. 30, 1999); Abie, "*An*

*Overview of Firewall Technologies*," Norwegian Computing Center (Jan. 2000); U.S. Patent No. 6,775,657; Escamilla, T., "*Intrusion Detection: Network Security Beyond the Firewall*," Wiley Press, 263-281 (1998); U.S. Patent No. 5,261,044; and U.S. Patent No. 5,768,501.  In addition, the claims of the '641 Patent are not patent eligible because they are directed to the abstract idea of collecting, filtering, analyzing and transmitting data and then making modifications based on human feedback, and the claims do not recite an inventive concept that would transform the representative claim into patent-eligible subject matter.

### FIFTH AFFIRMATIVE DEFENSE
### (NO EXCEPTIONAL CASE)

11.     PAN incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

12.     BT cannot prove that this is an exceptional case justifying an award of attorneys' fees against PAN pursuant to 35 U.S.C. § 285.

### SIXTH AFFIRMATIVE DEFENSE
### (NO WILLFUL INFRINGEMENT)

13.     PAN incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

14.     PAN has not willfully infringed any of the Patents-in-Suit, including the '237 and '641 Patents, nor can BT prove that PAN has willfully infringed.

### OTHER AFFIRMATIVE DEFENSES

15.     PAN hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

WHEREFORE, PAN respectfully requests:

A.  Judgment dismissing with prejudice BT's Complaint;

B.   That the Court enter judgment in favor of PAN and award PAN attorney's fees incurred in defending against BT's Complaint; and

C.   Such other and further relief as this Court may deem just and proper.

## PAN'S COUNTERCLAIMS

16.     PAN brings this action against BT pursuant to Rule 13 of the Federal Rules of Civil Procedure, for a declaratory judgment on invalidity and non-infringement of the '237 and '641 Patents.  For its Counterclaims against BT, PAN states, based upon personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

## PARTIES

17.     PAN is a Delaware corporation having its principal place of business at 3000 Tannery Way, Santa Clara, CA 95054.

18.     Plaintiff BT plc alleges it is organized under the laws of England and Wales, with a principal place of business at 1 Braham Street, London E1 8EE, United Kingdom.

19.     Plaintiff BT Inc. alleges it is a Delaware corporation, with a principal place of business at 8951 Cypress Waters Blvd, Suite 200, Dallas, TX 75019.

## JURISDICTION AND VENUE

20.     These Counterclaims are for a declaratory judgment of invalidity and non-infringement of the '237 and '641 Patents.

21.     Based on BT's filing of this suit and PAN's affirmative defenses, a true, actual, and justiciable controversy has arisen and now exists between PAN and BT regarding the validity and alleged infringement of the '237 and '641 Patents.  This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331, 1338, and the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 et seq.), and the Patent Act of the United States, 35 U.S.C. §§ 101 et seq.,

including, but not limited to, §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

22.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b) because, among other reasons, BT has brought its Complaint for patent infringement of the '237 and '641 Patents in this Court.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,159,237)

23.     PAN incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

24.     BT asserts that it is the owner of all right, title, and interest in and to the '237 Patent.

25.     An actual and justiciable controversy exists between BT and PAN as to PAN's non-infringement of the '237 Patent, as evidenced by BT's Complaint and PAN's Answer to BT's Complaint.

26.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., PAN is entitled to a declaration of the Court that PAN has not infringed and does not currently infringe any valid claim of the '237 Patent, either directly, contributorily, or by inducement.

27.     BT has also filed this action without a good faith basis, making this an exceptional case.  Consequently, BT is liable for any and all attorneys' fees, expenses, and costs incurred by PAN in connection with this action.

## COUNT II
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,895,641)

28.     PAN incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

29.     BT asserts that it is the owner of all right, title, and interest in and to the '641 Patent.

30.     An actual and justiciable controversy exists between BT and PAN as to PAN's non-infringement of the '641 Patent, as evidenced by BT's Complaint and PAN's Answer to BT's Complaint.

31.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., PAN is entitled to a declaration of the Court that PAN has not infringed and does not currently infringe any valid claim of the '641 Patent, either directly, contributorily, or by inducement.

32.     BT has also filed this action without a good faith basis, making this an exceptional case.  Consequently, BT is liable for any and all attorneys' fees, expenses, and costs incurred by PAN in connection with this action.

<u>COUNT III</u><br>
<b>(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,159,237)</b>

33.     PAN incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

34.     An actual and justiciable controversy exists between BT and PAN as to the validity of the '237 Patent, as evidenced by BT's Complaint and PAN's Answer to BT's Complaint.

35.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., PAN is entitled to a declaration of the Court that each claim of the '237 Patent is invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 et seq., including, without limitation, §§ 101, 102, 103, and 112.

36.     BT has also filed this action without a good faith basis, making this an exceptional case.  Consequently, BT is liable for any and all attorneys' fees, expenses, and costs incurred by PAN in connection with this action.

<u>COUNT IV</u><br>
<b>(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,895,641)</b>

37.     PAN incorporates by reference the allegations in the preceding paragraphs of these

Counterclaims and Answer.

38.     An actual and justiciable controversy exists between BT and PAN as to the validity of the '641 Patent, as evidenced by BT's Complaint and PAN's Answer to BT's Complaint.

39.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., PAN is entitled to a declaration of the Court that each claim of the '641 Patent is invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 et seq., including, without limitation, §§ 101, 102, 103, and 112.

40.     BT has also filed this action without a good faith basis, making this an exceptional case.  Consequently, BT is liable for any and all attorneys' fees, expenses, and costs incurred by PAN in connection with this action.

WHEREFORE, PAN respectfully requests that the Court enter judgment in its favor on the Counterclaims and the claims asserted by BT, declare this case exceptional, award PAN its attorneys' fees and costs, and grant such further relief as the Court deems just and proper.

Dated:  August 4, 2023

Respectfully submitted,

FARNAN LLP


*/s/ Brian E. Farnan*
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Adrian C. Percer (admitted *pro hac vice*)
Gregg T. Stephenson (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
adrian.percer@weil.com

Anish R. Desai (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
tom.yu@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
Weil, Gotshal & Manges
2001 M Street, NW Suite #600
Washington, D.C. 20036
Telephone: (202) 682-7000
priyata.patel@weil.com

*Attorneys for Defendant*

23