

August 25, 2023

**VIA E-FILING**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801

  RE: *British Telecommunications PLC, et al. v. Palo Alto Networks, Inc.*
     <u>C.A. No. 22-cv-1538-CJB</u>

Dear Judge Burke:

  Pursuant to Your Honor's instructions during the Scheduling Conference, enclosed is a revised proposed Scheduling Order incorporating Your Honor's rulings. The parties have not reached agreement on Paragraph 7(f)(ii) concerning the filing of expert declarations in connection with dispositive motion briefing. Each party's position is set forth below.

## <u>Plaintiff's Position</u>

  Consistent with this Court's practice, BT proposes that the Court allow the parties to file expert declarations with motions (including dispositive motions), because such declarations are often critical (or at least helpful) in resolving issues unique to patent law, particularly in cases involving technology that the Court may not be familiar with, such as the network-security related technologies at issue in this case. Although this case is still in its early stages, it is foreseeable that one or both parties may file dispositive motions to resolve issues of infringement and invalidity. If so, the parties and the Court may require (or at least benefit from) expert declarations to, among other things, provide background context from the point of view of a person of ordinary skill, explain whether the accused product, including its source code, meets the elements of the asserted claims, address asserted prior art and invalidity arguments, including, but not limited to addressing secondary considerations of non-obviousness, and to respond to PAN's expected arguments that the claims do not contain an "inventive concept" under step two of the *Alice* framework for resolving subject matter eligibility under § 101.

  This Court has acknowledged that "expert testimony can really matter" to address such disputes. *See Shure Inc. v. ClearOne, Inc.*, 2021 WL 3772138, at *5 (D. Del. Aug. 23, 2021) (Burke, M.J.) (relying on expert testimony in recommending denying motion for summary judgment regarding indefiniteness based on disagreement of material fact among experts) (report and recommendation adopted, 2021 WL 4624488). Other courts in this District agree regarding the import of considering expert declarations when deciding certain motions. *See Sun Pharm. Indus. Ltd. v. Saptalis Pharm., LLC*, 2019 WL 2549267, at *8 (D. Del. June 19, 2019) (finding it proper to rely on expert declarations in connection with summary judgment motion); *Masimo Corp. v. Philips Elec. North America Corp.,* 2014 WL 1457822, at *1 (D. Del. Apr. 14, 2014)

(finding no abuse of discretion in Magistrate Judge's consideration of expert declaration submitted with motion for summary judgment); *cf. Schoonejongen v. Curtiss–Wright Corp.,* 143 F.3d 120, 130 (3d Cir. 1998) (noting that it is "axiomatic that a nonmoving party . . . cannot defeat summary judgment simply by asserting that a jury might disbelieve an opponent's affidavit [as to a material fact].").

It is common for parties to agree to supporting expert declarations, and this Court's practice routinely allows expert declarations to be filed with motions with such agreement. *See, e.g.*, *Tonal Sys., Inc. v. IFIT Inc.*, C.A. No. 20-1197-LPS-CJB, D.I. 32, at 6 (D. Del. Dec. 15, 2021) (Burke, M.J.) (permitting expert declarations for claim construction, summary judgment prior to the close of expert discovery, and to authenticate previously-filed expert reports relied upon in motion); *Shure Inc. v. ClearOne, Inc.*, C.A. 19-1343-RGA-CJB, D.I. 73, at 6 (D. Del. Dec. 9, 2019) (Burke, M.J.) (permitting expert declarations filed with motions); *6115187 Canada, Inc. v. LG Elecs. U.S.A., Inc. et al., C.A.* 18-cv-01630-MN-CJB, D.I. 23, at 6 (D. Del. Aug. 1, 2019) (Burke, M.J.) (same); *Collegium Pharm., Inc. v. Teva Pharm. USA, Inc.*, C.A. 18-300-LPS-CJB, D.I. 25, at 6 (D. Del. Aug. 6, 2018) (Burke, M.J.) (same); *Blue Spike, LLC v. Roku, Inc.*, C.A. 17-928-LPS-CJB, D.I. 25, at 6 (D. Del. Feb. 21, 2018) (Burke, M.J.) (same); *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC et al.*, C.A. 17-1390-LPS-CJB, D.I. 83, at 6 (D. Del. Feb. 1, 2018) (Burke, M.J.) (same); *Microchip Tech. Inc. v. Delphi Auto. Sys., LLC*, C.A. 17-1194-LPS-CJB, D.I. 41, at 7-8 (D. Del. Dec. 27, 2017) (Burke, M.J.) (allowing declarations filed with motions, including to rebut allegations not previously disclosed in expert reports); *TSMC Tech., Inc. v. Zond, LLC*, C.A. 14-721-LPS-CJB, D.I. 54, at 7 (D. Del. Jan. 23, 2015) (Burke, M.J.) (permitting expert declarations filed with motions).

PAN's proposal appears geared to gain a tactical advantage over BT. Though PAN argues that expert declarations are unnecessary because the deadline for dispositive motions falls after that for serving expert reports, it is possible a dispositive motion could address or raise issues outside the four corners of those expert reports as to which expert declarations would be necessary or at least desirable. And a party may also wish to submit an expert declaration in rebuttal to provide a clarification or address an issue raised or mistake made by the moving party. Disallowing such declarations entirely at this early stage of the case would only serve to artificially handcuff the parties. To the extent specific concerns arise about the use of a specific expert declaration, it is best addressed in context with a complete record. PAN's hypothetical concerns about burden do not justify the blanket prohibition that it seeks.

Finally, BT notes that the plain language of this Court's form Rule 16 Scheduling Order only contemplates the imposition of such a restriction by agreement of the parties. PAN has not cited any support for denying expert declarations when the other party opposes such restriction, as is the case here. PAN notes that "Not one of the cases BT cites involves a scenario where a court permitted a party to file expert declarations in connection with summary judgment or dispositive motions after the close of discovery that relied on previously undisclosed facts or

opinions where the parties did not previously agree to it." PAN's assertion is irrelevant; notably, PAN does not cite to anything in the federal or local rules that prohibits the submission of an expert declaration in connection with a dispositive motion.

**<u>Defendant's Position</u>**

The dispute here is narrow. PAN's position is that the parties should not be permitted to submit expert declarations in connection with motions for summary judgment and case-dispositive motions that are filed after the close of discovery; instead, the parties should support such motions solely with facts and expert opinions disclosed during discovery by attaching as exhibits documents produced during fact discovery, documents relied on in expert reports, and/or relevant excerpts of expert reports. Discovery closes in this case on January 31, 2025—prior to the deadline for dispositive motions. Permitting the parties to submit expert declarations in connection with dispositive motions after the close of discovery would invite the parties to improperly supplement the record with previously undisclosed expert opinions or facts. Indeed, where parties have agreed to permit expert declarations in Paragraph 7(f)(ii) of the scheduling order, Courts in this district have interpreted that provision to allow parties to submit new opinions and facts into the record. *See cf. Univ. of Tex. v. Boston Sci. Corp.*, 18-cv-00392-GBW, D.I. 243 at 4 (D. Del. Oct. 6, 2022) (permitting party to attach new declaration espousing new opinions in connection with summary judgment motion where parties had agreed in Paragraph 7(f)(ii) of the scheduling order to permit expert declarations).

Additionally, even if this provision were limited to permit only declarations espousing previously disclosed opinions and facts, practically, the provision would still invite additional motions practice on the issue of what constitutes "previously disclosed," and thereby further burden the Court.[1] *See, e.g., British Telecommunications plc v. Coxcom, Inc.*, 10-cv-00658-SLR, D.I. 461 at 3 (D. Del. Jan. 13, 2014) (deciding and granting motion to strike expert declaration espousing new opinions and facts in connection with motion for summary judgment); *INVISTA North America S.a.r.l v. M&G USA Corp.*, 2013 WL 3216109 (D. Del. June 25, 2013) (same). Therefore, not allowing the parties to submit expert declarations in connection with summary judgment and case dispositive motions that are filed after the close of discovery would promote judicial efficiency and fairness.

Finally, PAN notes that the plain language of this Court's form Rule 16 Scheduling Order contemplates allowing parties to submit expert declarations in connection with dispositive motions ***only by agreement of the parties***. BT argues that "this Court's practice routinely allows expert declarations to be filed with motions," and in support, cites cases in which it contends the Court "permitt[ed]" the parties to do so. But BT misrepresents these cases. In each of these cases, the

---

[1] To the extent that the Court so limits the filing of such declarations, PAN reserves the right to file a motion to strike should any of BT's expert declarations filed after the close of discovery nevertheless exceed the scope of opinions and facts previously disclosed.

Court did not *permit* expert declarations; rather the parties *agreed to it*. See *Shure Inc. v. ClearOne, Inc.*, C.A. 19-1343-RGA-CJB, D.I. 73, at 6 (D. Del. Dec. 9, 2019) (Burke, M.J.) ("**The parties agree** they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions)."); *6115187 Canada, Inc. v. LG Elecs. U.S.A., Inc. et al.*, C.A. 18-cv-01630-MN-CJB, D.I. 23, at 6 (D. Del. Aug. 1, 2019) (Burke, M.J.) (same); *Collegium Pharm., Inc. v. Teva Pharm. USA, Inc.*, C.A. 18-300-LPS-CJB, D.I. 25, at 6 (D. Del. Aug. 6, 2018) (Burke, M.J.) (same); *Blue Spike, LLC v. Roku, Inc.*, C.A. 17-928-LPS-CJB, D.I. 25, at 6 (D. Del. Feb. 21, 2018) (Burke, M.J.) (same); *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC et al.*, C.A. 17-1390-LPS-CJB, D.I. 83, at 6 (D. Del. Feb. 1, 2018) (Burke, M.J.) (same); *Tonal Sys., Inc. v. IFIT Inc.*, C.A. No. 20-1197-LPS-CJB, D.I. 32, at 6 (D. Del. Dec. 15, 2021) (Burke, M.J.) ("**The parties agree** they will not permit expert declarations to be filed in connection with motions briefing (including case dispositive motions), except that a party may submit: (1) a declaration from an expert in connection with claim construction briefs; (2) declarations in connection with case dispositive or Daubert motions briefing that authenticate a report (or portions of a report) previously submitted pursuant to paragraph 8(f)(i); and (3) declarations from an expert in connection with an early dispositive motion, before the close of expert discovery."); *Microchip Tech. Inc. v. Delphi Auto. Sys., LLC*, C.A. 17-1194-LPS-CJB, D.I. 41, at 7-8 (D. Del. Dec. 27, 2017) (Burke, M.J.) (similar); *TSMC Tech., Inc. v. Zond, LLC*, C.A. 14-721-LPS-CJB, D.I. 54, at 7 (D. Del. Jan. 23, 2015) (Burke, M.J.) ("**The parties agree** they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions), on the condition [listing conditions].").

Not one of the cases BT cites involves a scenario where a court permitted a party to file expert declarations in connection with summary judgment or dispositive motions after the close of discovery that relied on previously undisclosed facts or opinions where the parties did not previously agree to it. See *Sun Pharm. Indus. Ltd. v. Saptalis Pharm., LLC*, 2019 WL 2549267, at *8 (D. Del. June 19, 2019) (finding it proper to rely on expert declarations in connection with summary judgment motion, but noting that it will only consider expert evidence submitted **before the close of expert discovery**); *Masimo Corp. v. Philips Elec. North America Corp.*, 2014 WL 1457822, at *1 (D. Del. Apr. 14, 2014) (finding no abuse of discretion in Magistrate Judge's consideration of expert declaration submitted with motion for summary judgment because expert declaration did not rely on previously undisclosed facts or opinions).

We are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc:   Counsel of Record (via E-File)