

September 21, 2023

**VIA E-FILING**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2335
Wilmington, DE 19801

   RE: *British Telecommunications PLC, et al. v. Palo Alto Networks, Inc.*
      <u>C.A. No. 22-cv-1538-CJB</u>

Dear Judge Burke:

Pursuant to the Court's Oral Order (D.I. 66), we write on behalf of Defendant Palo Alto Networks, Inc. ("PAN") regarding a Protective Order dispute. The parties have conferred in good faith to create a proposed protective order but are unable to agree on a provision for source code access. PAN proposes in-person source code inspection at the offices of outside counsel. Ex. A. Plaintiffs British Telecommunications plc and BT Americas, Inc. (collectively, "BT"), propose remote access, or alternatively, in-person access in Austin, Texas, hundreds of miles from the nearest office of counsel or any offices of PAN. *See also* Ex. B (reflecting the parties' proposed source code access provisions). The Court should deny BT's proposals because they do not ensure secure access to PAN's highly sensitive source code, and impose unreasonable cost and burden on PAN.

**<u>The Court Should Not Allow Remote Access to PAN's Highly Sensitive Security Source code</u>**

The Court should deny BT's request for remote access given the highly sensitive nature of PAN's source code. This Court has repeatedly recognized that source code is highly sensitive and that "in-person review is the gold standard to protect it." *TexasLDPC Inc. v. Broadcom Inc. et al.*, C.A. No. 18-1966-SB, D.I. 168 (D. Del. Nov. 2, 2021). Indeed, this Court's Default Standard for Access to Source code[1] only provides for in-person access to source code "to ensure secure access," and not remote-access. BT has not provided PAN any examples of Protective Orders in the District of Delaware that order remote access where the parties dispute it.

The security interest is particularly heightened in this case. The source code that BT seeks access to relates to network security products used by over 85,000 customers, including 95% of the Fortune 100.[2] These organizations rely on the network protection provided by PAN to ensure that their data is secure. Remote access to PAN's source code is highly unusual, does not provide the standard safeguards that in-person access provides, such as an air gapped computer, and heightens the risk of breach. PAN has never offered remote source code production, and any leak of PAN's source code will cause irreparable harm not only to PAN, but also PAN's customers who rely on PAN to protect their data. BT has not justified its proposed departure from standard source code review procedures beyond convenience.

---

[1] https://www.ded.uscourts.gov/sites/ded/files/DefStdAccess.pdf
[2] https://www.paloaltonetworks.com/network-security

BT will suffer no unique burden if remote access is denied. BT agreed to this exact provision requiring in-person access to source code in its prior litigation against Fortinet, Inc. *See British Telecommunications plc et al. v. Fortniet, Inc.*, C.A. No. 18-01018-CFC-MPT, D.I. 68 (D. Del. 2018). Fortinet later agreed to remote access to its source code, but Fortinet's agreement was necessitated by the unique circumstances of the global COVID-19 pandemic and does not bind PAN. This Court has made clear that such COVID-19 era procedures were temporary and not intended to become standard. *ClearDoc, Inc. v. RiversideFM, Inc.*, C.A. No. 21-1422-RGA, D.I. 42 at 8 (D. Del. Nov. 29, 2021) ("remote review of source code is agreed to at this time solely in light of the pandemic and without prejudice to either Party's ability to request in-person review of [source code] should pandemic conditions materially change"). Since then, Court functions have returned to in-person and government restrictions on travel and gathering have been lifted. BT does not suggest that any comparable unique circumstance necessitates remote access in this case. Thus, BT's request for remote access of PAN's highly sensitive source code should be rejected.

**PAN Is Willing To Provide Source Code Review In New York, Washington D.C., or Silicon Valley, Not Austin**

PAN offers in-person access to source code "at an office of the producing party's outside counsel who have entered an appearance in this action." PAN's counsel has offices in New York, Washington D.C., and Silicon Valley. Source code review should occur at a location reasonably offered by the Defendant and not at a location that is simply convenient for the Plaintiff. *See HSM Portfolio LLC et al v. Elpida Memory Inc. et al.*, C.A. 11-770-RGA, D.I. 297 (D. Del. Dec. 5, 2012) ("I'm going to let defendants designate a place where their source code can be. . . . which may be their principle place of business, or it could be, if they can get it to the lawyers' office"); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-00193-LPS, D.I. 126 (D. Del. Dec. 16, 2013) ("Plaintiffs' request that Defendants make their source code available for review at locations convenient to Plaintiffs is DENIED, as Plaintiffs … fail to justify requiring Defendants to make this accommodation"). Moreover, BT's outside counsel are located in New York and Washington D.C.[3], and BT has an office in New York that "supports its litigations." D.I. 21 at 12.

BT's alternative proposal of in-person review in Austin Texas should be denied. BT's only stated reason for its proposal is that their "currently-contemplated source code reviewer" is located in Austin, and that the cost of travel for this reviewer would be burdensome. D.I. 65 at 1. It is not. PAN offers BT the choice between any of three of its outside counsel's offices. A non-stop round trip flight from Austin to New York, for example, is a few hundred dollars. BT cannot reasonably complain that this cost is burdensome to a multinational company. Moreover, BT has not yet retained this reviewer and any burden is hypothetical. On the other hand, BT's proposal will result in substantial burden and cost to PAN and their actually retained counsel. None of PAN's offices or outside counsel is located in Austin, and PAN will likely incur substantial cost to securely transport its source code to Austin and host its source code at a secure third party location.

Therefore, the Court should adopt PAN's proposed in-person review of source code at outside counsel's office in New York, Washington D.C., or Silicon Valley.

---

[3] BT's outside counsel include Baldassare Vinti and Nolan M. Goldberg in New York and Edward Wang in Washington, D.C.

3

                                            Respectfully submitted,

                                            /s/ Brian E. Farnan

                                            Brian E. Farnan

cc: Counsel of Record (Via E-Filing)