

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Philip A. Rovner
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone

September 21, 2023

**VIA E-FILING AND HAND DELIVERY**

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *British Telecommunications PLC, et al. v. Palo Alto Networks, Inc.*
              D. Del. C.A. No. 22-1538-CJB

Dear Judge Burke:

Consistent with Your Honor's September 11, 2023 Oral Order (D.I. 66), Plaintiffs British Telecommunications plc, and BT Americas, Inc. (collectively "BT") submit this letter outlining the parties' dispute regarding the provision in the proposed protective order concerning how source code should be made available for inspection. BT proposes a protective order allowing secure remote review of source code to facilitate a cost-efficient review process. Alternatively, BT proposes an in-person review located near the reviewing party's contemplated source code expert. The proposed language is attached hereto.[1]

As the Court noted during the case management conference on August 21, 2023, Defendant Palo Alto Networks, Inc. ("PAN") requests a more restrictive provision in the protective order with regards to source code review. However, PAN has failed to show good cause for such a narrower provision during the multiple meet-and-confers on this issue.

BT proposes that the source code produced by PAN be made available for secure remote inspection to save on costs and time without compromising security.[2] BT informed PAN that it would be amenable to including specific measures to address any security concerns that PAN may have, but PAN refused on the grounds that any form of remote review raises security concerns. PAN, however, has not identified any specific security concerns, let alone concerns that cannot reasonably be mitigated via cooperative agreement between the parties. Nor has PAN explained how the secure remote access proposed by BT imposes risks that are in any way different than the risks the code is already exposed to within PAN's own internal repository.

There is nothing inherently insecure about allowing remote source code access. Secure VPN software coupled with physical and virtual monitoring allow the producing party to control the

---

[1] The parties agreed to all the provisions of the attached protective order except paragraph I.C.2.
[2] To the extent any BT source code will be produced, BT intends to produce it outright (as Attorney's Eyes Only) rather than making its code available for inspection.

code environment to the same extent as an in-person review.  Access can be limited by unique login credentials provided by the producing party and the producing party can be notified prior to any specific remote review commencing.  Once the remote review is up and running, the producing party can monitor the inspection through the agreed-to video feed provided by the reviewing party.  The producing party can disconnect the VPN if it objects to conduct during the remote inspection and can also disable unwarranted activities like file saving, otherwise block access to certain software before the inspection commences, or limit access to the internet only to the extent needed for the code review.  Notably, PAN itself provides a secure VPN that it touts as "[m]ore than secure enough."  *See* https://www.paloaltonetworks.com/sase/globalprotect.  BT has no objection to PAN using its own VPN and securing the remote review device itself.

BT appreciates that in-person source code review was the standard prior to the pandemic.  But remote review permitted during COVID, including in this District[3], confirmed the security and efficiencies of remote source review.  There is no need to resort to old, less-efficient methods, especially here where PAN is unable to identify any specific security concerns.

Nevertheless, in the spirit of cooperation, BT alternatively proposes that PAN's source code be made available for in-person inspection at a mutually agreed-upon location near BT's source code experts.  Though more burdensome than remote review, this would still allow BT to save on costs and time related to traveling long distances for the review.  Specifically, BT proposes that PAN make its source code available for in-person review in Austin, Texas—where BT's contemplated source code review expert is located.  Here, too, PAN, without explanation, reflexively refused.  Instead, PAN has indicated it is only amenable to making its source code available for inspection at specific offices of its outside counsel (Silicon Valley, New York City, and Washington, DC)—even though PAN's outside counsel has office locations in Texas (Houston and Dallas).  And PAN has never indicated that it does not have alternate counsel in Texas who could host the source code inspection.

Remote source code review is secure and much more efficient than in-person review.  Here, PAN has not shown any reasonable basis for requiring the additional burden, costs, and effort related to in-person review of the source code.  Accordingly, BT's proposal for secure remote access (or, in the alternative, in-person near the reviewing party's source code expert) should be entered as set forth in the attached protective order.

---

[3] *See*, *e.g.*, *Prolitec Inc. v. ScentAir Techs., LLC*, No. 20-cv-00984-WCB, D.I. 62 (PO entered on April 4, 2022); *Sentient Sensors, LLC v. Cypress Semiconductor Corp.*, No. 19-cv-01868-MN, D.I. 114 (PO entered on April 6, 2021); *ClearDoc, Inc. v. RiversideFM, Inc.*, No. 21-cv-01422-RGA, D.I. 42 (PO entered on November 29, 2021); *Viatech Techs., Inc., v. Microsoft Corp.*, No. 17-cv-005710-RGA-SRF, D.I. 128 (PO entered on October 1, 2020).  In *Brit. Telecomms. Plc v. Fortinet, Inc.*, No. 18-cv-01018, (D. Del., filed July 10, 2018), though not reflected in the entered protective order, Fortinet also agreed to provide remote inspection of its source code.

The Honorable Christopher J. Burke
September 21, 2023
Page 3

                                                       Respectfully,

                                                       */s/ Philip A. Rovner*

                                                       Philip A. Rovner

11067440
cc:  Counsel of Record (via E-File)