

September 28, 2023

**VIA E-FILING**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2335
Wilmington, DE 19801

      RE:    *British Telecommunications PLC, et al. v. Palo Alto Networks, Inc.*
              <u>C.A. No. 22-cv-1538-CJB</u>

Dear Judge Burke:

Pursuant to the Court's Oral Order (D.I. 66), we write on behalf of Defendant Palo Alto Networks, Inc. ("PAN") in response to British Telecommunications plc and BT Americas, Inc.'s (collectively, "BT") letter (D.I. 71) regarding a protective order dispute. BT argues that PAN should be required to provide remote access to its source code because there are no specific security concerns. D.I. 71 at 1. Not so. PAN's source code relates to its highly sensitive network security products. If that code was purloined, it would not only cause significant damage to PAN, but also to its 85,000 customers. Alternatively, BT proposes producing source code in Austin, where neither PAN nor its counsel has an office, because it would be convenient for a contemplated expert. This is not a compelling reason to depart from standard practice and BT cites no case holding the receiving party selects the location for source code review. The Court should deny BT's proposals because the first proposal does not ensure secure access to PAN's highly sensitive source code, and the second proposal imposes unreasonable cost and burden on PAN.

### BT's Unsupported Proposal Fails To Ensure Secure Access to PAN's Highly Sensitive Network Security Source Code

BT alleges, without evidence or citation, that PAN "has not identified any specific security concerns" and that there is "nothing inherently insecure about allowing remote source code access." *See* D.I. 71 at 1. BT is incorrect. As emphasized in PAN's opening letter, PAN's source code relates to network security products used by over 85,000 customers, including the majority of the Fortune 100 as well as many branches of the U.S. government and military to protect their data. Any breach in the security of PAN's source code exposes not only PAN to significant risk but also these organizations.

BT proposes several vague solutions to address any security concerns, but those ignore the crux of the issue—remote access is fundamentally less secure than in-person access. The standard in-person review of source code provides security because the code is only accessible on a stand-alone device not connected to any network. BT's proposed solutions—including a VPN, remote monitoring, and password protection—cannot provide the same security of an in-person, air-gapped computer. The protections outlined by BT are stopgap protections temporarily implemented during the COVID-19 pandemic when the "gold standard" of in-person review was made impossible. *TexasLDPC Inc. v. Broadcom Inc. et al.*, C.A. No. 18-1966-SB, D.I. 168 (D. Del. Nov. 2, 2021).

Every case that BT cites to support that remote review is routine and secure unequivocally provides that remote source code review *was only necessary in light of the COVID-19 pandemic*:

- "A party's agreement to make Source Code available pursuant to this Addendum shall not be construed as an admission that the provisions of the Addendum are appropriate in any other case or that these provisions provide an acceptable level of security for the Producing Party's Source Code at any other time not affected by the COVID-19 pandemic. The Addendum may not be cited as an appropriate practice to follow once the COVID-19 pandemic has passed . . ." *Sentient Sensors, LLC v. Cypress Semiconductor Corp.*, No. 19-cv-1868-MN, D.I. 114 at 2 (Apr. 6, 2021).

- "If in-person review is impractical or impossible due to restrictions or concerns related to the COVID-19 pandemic, a mutually agreeable alternative protocol is permitted for Source Code review that accommodates remote review." *Prolitec Inc. v. ScentAir Techs., LLC*, No. 20-cv-00984-WCB, D.I. 62 at 5 (Apr. 4, 2022).

- "The remote review of source code is agreed to at this time solely in light of the pandemic and without prejudice to either Party's ability to request in-person review of [source code] should pandemic conditions materially change." *ClearDoc, Inc. v. RiversideFM, Inc.*, No. 21-cv-01422-RGA, D.I. 42 at 8 (Nov. 29, 2021).

- "In view of social distancing and travel restrictions caused by COVID-19 . . ." *Viatech Techs., Inc., v. Microsoft Corp.*, No. 17-cv-570-RGA-SRF, D.I. 128 at 1 (Oct. 1, 2020).

BT has not cited any authority from a pre- or post-COVID-19 case where a court ordered remote access where the defendant disputed remote access. BT's unsupported request for remote access of PAN's sensitive network security source code should be rejected.

**BT Has Failed To Justify Requiring PAN To Accommodate BT's Contemplated Expert**

Alternatively, BT requests in-person review in Austin because "BT's contemplated source code review expert is located" there. D.I. 71 at 2. BT's potential reviewer, who is not retained or disclosed, is not sufficient justification to depart from standard practice and subject PAN to the substantial burden of producing its source code in Austin. BT points to outside counsel's offices in Houston and Dallas, but none of PAN's attorneys of record is located in these offices; and regardless, Austin is several hours from these cities. BT also argues that PAN "has never indicated that it does not have alternative counsel in Texas." D.I. 71 at 2. PAN is not required to find additional counsel in Texas simply for the convenience of BT's "contemplated" reviewer. The opposite is true, source code review should occur at a location reasonably offered, such as the offices of outside counsel. *See HSM Portfolio LLC et al v. Elpida Memory Inc. et al.*, C.A. 11-770-RGA, D.I. 297 (D. Del. Dec. 5, 2012); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-00193-LPS, D.I. 126 (D. Del. Dec. 16, 2013) ("Plaintiffs' request that Defendants make their source code available for review at locations convenient to Plaintiffs is DENIED, as Plaintiffs … fail to justify requiring Defendants to make this accommodation").

The Court should adopt PAN's reasonable proposal of in-person review at BT's choice between the offices of PAN's outside counsel in New York, Washington, D.C., or Silicon Valley.

                                                    Respectfully submitted,

                                                    /s/ Brian E. Farnan

                                                    Brian E. Farnan

cc: Counsel of Record (Via E-Filing)