

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Philip A. Rovner
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone

September 28, 2023

**VIA E-FILING AND HAND DELIVERY**

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

>       Re:    *British Telecommunications PLC, et al. v. Palo Alto Networks, Inc.*
>              D. Del. C.A. No. 22-1538-CJB

Dear Judge Burke:

Plaintiffs British Telecommunications plc, and BT Americas, Inc. (collectively "BT") submit this response to Defendant Palo Alto Network, Inc.'s ("PAN") letter (D.I. 70) regarding the source code inspection provisions in the proposed protective order. PAN has not provided any reasonable basis to require BT to carry the additional burden, costs, and effort to review its source code at locations unilaterally convenient for PAN. Accordingly, the Court should adopt BT's proposed source code provision.

As BT noted in its opening letter (D.I. 71), BT appreciates that in-person source code review was the standard prior to the pandemic. That is because remote review was mostly untested and parties had limited experience with it. Accordingly, it is not surprising that Courts, at the time, indicated that remote review procedures would be temporary. But during the pandemic, remote review has proven to be a secure, reliable, and efficient option. Indeed, PAN has not pointed to any instance where remote review resulted in any compromise to security.

PAN's argument against remote review simply amounts to "We've always done it that way". But there is no need to resort to old, less-efficient methods, just because that is how things were done in the past. This is especially true where PAN—a sophisticated network security company—is unable to identify any specific security concerns. While PAN argues that in-person review is necessary since it allows for an "air gapped computer," (which simply means the computer cannot access the internet), BT suspects that PAN's own internal source code repository is not similarly air gapped. However, PAN failed to submit any supporting evidence, as the Court invited. *See* August 21, 2023 Tr. at 28:16-23 ("the defendants should provide a… record that includes an affidavit or a declaration from someone in the know that would speak to some of the issues that Ms. Patel mentioned about sensitivity of the relevant source code and/or how proprietary it is in terms of defendant's business. And we don't have that.").

As discussed in BT's opening letter, to the extent specific security-related measures need to be taken for remote review to take place, BT is fully open to ensuring those security concerns are

addressed to PAN's satisfaction. But PAN's insistence that—as a leading cyber-security company—a remote source code review can never be secure rings hollow. PAN's flat rejection of remote source code review is unreasonable. BT, by contrast, has proposed a compromise that would still allow *both parties* to save on costs while addressing any purported security concerns that PAN may have and is largely consistent with the Default Standard for Access to Source Code (BT would essentially submit names of escrow agents in Austin, Texas if the Default Standard applied (*see* Default Standard ¶3)).

In response to BT's proposal, PAN cites to *HSM Portfolio LLC et al v. Elpida Memory Inc. et al.*, C.A. 11-770-RGA, D.I. 297 (D. Del. Dec. 5, 2012) and *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-00193-LPS, D.I. 126 (D. Del. Dec. 16, 2013)). Those cases are inapposite. There, plaintiffs chose to sue multiple defendants located in different states but proposed a protective order that required all defendants to produce their source code in a common location that was unilaterally convenient to plaintiffs. As a result, the courts noted that it was the plaintiffs' own choice to sue multiple defendants located across the nation and refused to require the numerous defendants to accommodate plaintiffs' self-created problem. But that is not the case here. Indeed, any costs related to in-person review that PAN complains of are self-created by PAN. And even BT's alternative proposal for in-person review is more efficient for both parties. Rather than requiring PAN to host its code with an escrow (as required under the Default Standard) PAN can choose where and how to host its source code so long as it is near BT's expert.

PAN argues that BT is a multinational company that can shoulder the cost of a non-stop flight. But BT will also have to cover the costs of paying its expert to travel such long distances, for his stay, and any other accommodations related to the long-distance travel. Notably, the source code review in *Brit. Telecomms. Plc v. Fortinet, Inc.*, No. 18-cv-01018, (D. Del., filed July 10, 2018) took <u>over 60 days</u>. And while BT hopes for efficiencies here (particularly if there are suitable higher-level documents as PAN represented) BT still expects this case to likewise require a lengthy code review, which could require multiple flights and travel. Moreover, PAN is also a multinational company. And just because the parties are multinational companies does not mean they should waste money and be inefficient.

PAN's suggestion that it is likely to "incur substantial cost to securely transport its source code to Austin and host its source code at a secure third-party location" is also misplaced. Based on PAN's own proposal, PAN would have to transport its source code even farther than Austin, Texas to either New York or DC. And the need to securely transport the source code to any location is a problem of its own making in the first place—because PAN flatly rejects any remote review of source code. Moreover, the Default Standard for Access to Source Code provides that "[t]he stand-alone computer [containing the source code] shall be located with an independent escrow agent, with the costs of such to be shared by the parties." Default Standard for Access to Source Code, ¶3. So just as PAN argues the default procedure provides for in-person review, the default procedure also provides for the source code to be hosted with a third-party. And to the extent that cost is "substantial," it would be shared. PAN has not and cannot show that either of BT's proposals "impose unreasonable cost and burden on PAN."

PAN's position is without merit and the Court should enter BT's proposed protective order.

        Respectfully,

        */s/ Philip A. Rovner*

        Philip A. Rovner

cc:  Counsel of Record (via E-File)