# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., <br><br>               Plaintiffs, <br><br>   v. <br><br>PALO ALTO NETWORKS, INC., <br><br>               Defendant, | C.A. No. 22-cv-1538-CJB <br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT PALO ALTO NETWORKS, INC.'S LETTER BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING INTER PARTES REVIEW

Dated: December 4, 2023

OF COUNSEL:
Adrian C. Percer (admitted *pro hac vice*)
Gregg T. Stephenson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
adrian.percer@weil.com
gregg.stephenson@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
priyata.patel@weil.com

Anish R. Desai (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
tom.yu@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

    *Attorneys for Defendant*
    *Palo Alto Networks, Inc.*

Dear Judge Burke:

We write on behalf of Defendant Palo Alto Networks, Inc. ("PAN") to respectfully request that the Court stay this suit pending the outcome of PAN's instituted *inter partes* review proceeding ("IPR"). Plaintiffs, British Telecommunications plc and BT Americas, Inc. (collectively, "BT"), allege infringement of 30 total claims of two related and expired patents—U.S. Patent Nos. 7,159,237 (the "'237 patent") and 7,895,641 (the "'641 patent") (collectively, "Asserted Patents"). D.I. 1. On November 17, 2023, The Patent Trial and Appeal Board ("PTAB") instituted IPR on all 16 asserted claims of the '641 patent and denied institution on the asserted claims of the '237 patent. Ex. 1; Ex. 2. After PAN notified BT its intent to request a stay, BT informed PAN that it would dismiss the '641 patent infringement claim with prejudice.

The decision to stay pending IPR lies within the sound discretion of the Court based on the following three factors: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-1108-LPS-CJB, 2016 WL 4474340, at *2 (D. Del. July 14, 2016). Even if the '641 patent is dismissed, all three factors weigh strongly in favor of staying the entire case.

**A Stay Pending PAN's Instituted IPR Will Greatly Simplify The Issues In This Case**

A stay of the suit pending resolution of PAN's instituted IPR petition on the '641 patent will streamline the issues in this case, even if the '641 patent is dismissed. This Court has found that this factor weighs in favor of a stay where IPR petitions have been instituted on claims that substantially overlap with the asserted claims. *See, e.g.*, *Speyside Medical, LLC v. Medtronic CoreValve LLC*, No. 20-361-CJB, D.I. 155 (D. Del. Sept. 30, 2021); *360Heros, Inc. v. GoPro, Inc.*, No. 17-1302-CJB, D.I. 132 (D. Del. June 5, 2019).

Regarding the '641 patent, if not dismissed, a stay is appropriate because the PTAB determined that there is a reasonable likelihood of showing that all 16 asserted claims would have been obvious. Ex. 1 at 48, 49, 56. The PTAB will issue a final written decision by November 17, 2024. Over the past year, the PTAB found at least one claim invalid in 83.5% of instituted IPRs and ***all*** claims invalid in 66.8% of instituted IPRs. Ex. 9 at 11. Any determination that an asserted claim is unpatentable would simplify this case and streamline the remaining issues for trial. As this Court has articulated, even "if some claims from these [two] patents survive, efficiencies will be gained … from seeing the IPR processes through first." *Speyside Medical*, No. 20-361-CJB, D.I. 155. A determination that no asserted claim is unpatentable would also simplify the case by reducing the number of invalidity arguments for the Court to consider due to IPR estoppel and providing insight from the PTAB's review process. *See Princeton Digit. Image Corp. v. Konami Digit. Ent., Inc.,* 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014).

Regarding the '237 patent, a stay is appropriate regardless of whether the '641 patent is dismissed because there is substantial overlap between the two Asserted Patents. Both patents share an identical specification and the claims of the '237 patent substantially overlap with the claims of the '641 patent. *See* Ex. 7. Indeed, during motion to dismiss briefing, the parties and the Court treated claims 14 and 18 of the '237 patent as representative of all asserted claims of both patents.

*See* D.I. 12 at 5; D.I. 31 at 1 n.1; *see generally* D.I. 19; D.I. 97 at 2, 3. Even BT's infringement contentions are replete with internal cross-references, repeatedly relying on the "mapping" of representative '237 patent claims to argue infringement of the '641 patent. Ex. 8 at 96-124. The PTAB's institution decision on the '641 patent relies on the same evidence to demonstrate a reasonable likelihood of success as the PTAB's decision on the '237 patent for corresponding claim limitations. *Compare* Ex. 1, with Ex. 2.

The PTAB's reasoning for instituting IPR on the '641 patent, while denying IPR on the '237 patent, was based solely on the last limitation of independent claim 1 in both patents. Specifically, claim 1 of the '641 patent is a system claim that requires "a modification control system for dynamically modifying an analysis capability of the probe during operation thereof based on the received feedback," while claim 1 of the '237 patent is a method claim that requires "dynamically modifying an analysis capability of said probe during operation thereof based on said received feedback." *Compare* Ex. 1 at 35-44, with Ex. 2 at 31-36. The PTAB concluded that the prior art disclosed a system capable of dynamically modifying based on received feedback, which was sufficient for invalidating system claim 1 of the '641 patent, but not sufficient for invalidating method claim 1 of the '237 patent.[1] *Id.* Importantly, the PTAB found a reasonable likelihood of success, however, with regard to every remaining limitation of the '237 patent, each of which substantially overlap with the instituted claims of the '641 patent. *See* Ex. 5; Ex. 7 (chart comparing limitations of '237 patent and limitations of the '641 patent). This sole distinction is not only the reason for the PTAB's IPR denial but also the reason a stay of the suit here is so overwhelmingly compelling.

Because of this significant overlap, the PTAB's final written decision as to the '641 patent could dramatically simplify the case or, at the very least, would be highly instructive as to the '237 patent. The reasoning and written record from the PTAB on the instituted IPR will be relevant to at least claim construction and invalidity of *both* Asserted Patents. Accordingly, a stay will remove the possibility of onerous, redundant, and potentially inconsistent rulings, and narrow the issues in this case. For example, "the PTAB will likely be considering (and hearing argument from the parties about) a lot of the same claim language and overlapping prior art as the Court would be considering." *Speyside Medical*, No. 20-361-CJB, D.I. 155. Under these circumstances, the Court has found that "it makes sense … to have the PTAB's work be done first, and for the Court and the parties to benefit from that work in the District Court thereafter." *Id.* A stay will thus conserve judicial and party resources as to validity of the Asserted Patents. *Princeton Digit. Image*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *2.

**The Stage Of This Case Favors A Stay**

Fact discovery is at an early stage, no depositions have been taken, expert discovery has not yet commenced, and trial is over a year and a half away. The parties have not exchanged proposed terms or proposed claim constructions, and a claim construction hearing is not scheduled until June 27, 2024. The Court and the parties have not invested substantial resources, and the majority of the burdensome work remains ahead. A stay is appropriate where (as here) "there is also still much to do (including taking all … of the depositions in the case, holding a Markman hearing and

---

[1] PAN believes the Board erred in concluding that while the prior art renders obvious "a modification control ***system*** for dynamically modifying …" it does not render obvious the ***step of*** doing the same.

resolving claim construction, pursuing expert discovery, and resolving summary judgment and Daubert motions." *Speyside Medical*, No. 20-361-CJB, D.I. 155; *see also WSOU Inv., LLC v. Netgear, Inc.*, No. 21-1117-MN-CJB, D.I. 97 at 2 (D. Del. Nov. 30, 2022) (finding a stay appropriate where, "by the time of the Motions' filing … a *Markman* hearing had just been held"); *Boston Sci. Corp. Cook Grp. Inc.*, No. 15-980-LPS-CJB, D.I. 304 at 10 (D. Del. Aug. 16, 2017).

**There Is No Prejudice Because BT Is Not A Competitor And The Patents Have Expired**

BT will not be prejudiced by a stay. A stay will avoid simultaneous proceedings in this Court and the PTAB on the same patent; the court and both parties will benefit from the efficiency. There is no urgency for this case to proceed in parallel with the '641 patent IPR because PAN and BT are not competitors in the network security market and both patents have expired. BT does not contend that it practices the Asserted Patents or that it provides a product that competes with the accused products. Indeed, BT declined to answer PAN's interrogatory regarding whether any BT "products practice one or more claims of the Asserted Patents" because "BT is not seeking lost profits for the accused products or an injunction." Ex. 3 at 6. Thus, BT does not have a competitive relationship with PAN and this factor weighs heavily in favor of a stay.

Moreover, because the Asserted Patents are expired, BT's relief is limited to past damages. There is no possibility of an injunction and no impact on the damages if this case is stayed. Additionally, BT cannot complain of any prejudice given its substantial delay in filing its Complaint and the one year limited duration of IPR. PAN's accused products have been on the market for years—*e.g.*, versions of PAN-OS, which is the software that runs all of PAN's Next Generation Firewalls, have been available since at least 2007, 15 years prior to the filing of this complaint. *See* Ex. 4. PAN-OS and PAN's Next Generation Firewalls are accused products in this case. Ex. 6 at 2-5. Despite the fact that BT's Asserted Patents and the accused products have existed for years, BT waited until 2022 to file the complaint in this case. *See* D.I. 1. Thus, BT will suffer no undue prejudice if this case is stayed because it will suffer no ongoing damages and any delay caused by a stay will be significantly shorter than the delay caused by BT's own failure to timely file their complaint. This Court has found a stay appropriate in similar circumstances. *See Princeton Digit. Image*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (finding the relationship of the parties favors a stay where the "patent-in-suit has expired" and "damages, if any, are purely monetary and can be accommodated by the award of interest if [plaintiff] ultimately prevails"); *ImmerVision, Inc. v. Apple Inc.*, No. 21-01484-CJB, D.I. 159 (D. Del. Oct. 17, 2023) (finding that "the undue prejudice factor surely favors a stay" where "the parties are not competitors" and the asserted patent "has expired, and so only money damages are at stake here regarding past alleged infringement").

Additionally, PAN diligently filed its IPR petitions only months after the filing of the complaint and its stay motion only weeks after receiving an institution decision on its petition. *See WSOU Inv.*, No. 21-1117-MN-CJB, D.I. 97 at 3. The Final Written Decision is expected by November 17, 2024, over 7 months in advance of the trial in this case. Where a final written decision is expected to occur before or even near the trial date, this factor weighs in favor of a stay. *See Id.* at 2 (granting a stay where Final Written Decisions will issue "a month or two before the scheduled trial date" because if "the cases not stayed, the timing of the PTAB's decisions would unduly complicate proceedings here"); *Speyside Medical*, No. 20-361-CJB, D.I. 155. Therefore, all three factors favor a stay. PAN respectfully requests that the Court grant PAN's motion and stay this action pending the outcome of PAN's instituted IPR.

3

                                          Respectfully submitted,

                                          /s/ Brian E. Farnan

                                          Brian E. Farnan

cc: Counsel of Record (Via E-Filing)