# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant, | C.A. No. 22-cv-1538-CJB <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT PALO ALTO NETWORKS, INC.'S REPLY LETTER BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING INTER PARTES REVIEW

Dated: December 14, 2023

Adrian C. Percer (admitted *pro hac vice*)
Gregg T. Stephenson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
adrian.percer@weil.com
gregg.stephenson@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
priyata.patel@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Anish R. Desai (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
tom.yu@weil.com

*Attorneys for Defendant*
*Palo Alto Networks, Inc.*

Dear Judge Burke:

PAN respectfully submits this reply letter in support of its Motion to Stay Pending IPR (D.I. 101). BT asserts two related expired patents with substantially identical specifications and claims. The PTAB instituted IPR proceedings on one patent. Given the similarities, PAN was compelled to file a stay of this suit and a reconsideration motion with the PTAB on the second patent.

**A Stay Pending IPR Of The '641 Patent Will Simplify The Issues In This Case**

BT contends that "the PTAB's decision regarding the '641 Patent will eliminate no issues for trial." D.I. 106 at 2. BT, however, ignores the substantial simplifying effect that the PTAB's decision regarding the '641 patent will have on these proceedings. The '641 patent and '237 patent are continuations tracing priority to the same provisional application, share an identical specification, have substantially identical claims (as the parties and Court have acknowledged), and are asserted against the same products. D.I. 101 at 1-2; *see also* D.I. 101 Ex. 7. Thus, the PTAB's decision on the '641 patent will simplify the issues in this case and will prevent unnecessary duplicative efforts.

A stay is appropriate where "even though the [sole asserted patent] does not contain precisely the same claims of the other [unasserted] patents that are under review [before the PTAB], there is a sufficient correlation among all of the patents for the court to conclude that a stay is appropriate." *Alloc, Inc. v. Unilin, Décor N.V.*, 03-253, 2003 WL 21640372, at *3 (D. Del. July 11, 2003). As explained above and in PAN's opening letter, BT "cannot credibly argue that the patents are not alike in subject matter, as well as in many of their claims." *Id.* at *2. The similarity favors a stay, ***even where the asserted patent is not under review***, because "it is beyond dispute that the court would benefit from a narrowing of the numerous complex issues relating to claims" and "the court will gain the benefit of the PTO's particular expertise in evaluating prior art." *Id.* Other districts have granted stays under similar conditions. *See Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 08-930, 2008 WL 3833576 (N.D. Cal. Aug. 15, 2008) (granting stay where "closely related" patent containing "specification and claim language that is substantially similar" was undergoing reexamination, where the asserted patent was *not* being reviewed). Further, "courts have frequently issued stays in cases in which IPR proceedings have been instituted on fewer than all claims asserted" because "the policies favoring simplification and the reduction of litigation burdens on the parties and the court are often applicable, particularly when the claims that are before the PTAB in an IPR are similar to those that are not." *British Telecomms. PLC v. IAC/InterActiveCorp,* 18-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019) (collecting cases).

Moreover, in denying PAN's motion to dismiss under § 101, the Court found that the Notice of Allowability during the '237 prosecution raised a factual dispute under step 2. Specifically, the Notice indicated to the Court that prior art "systems were not using probes to then additionally further analyze [residue] data" as required by both patents. D.I. 97 at 16. But the PTAB will now reconsider this issue having found a reasonable likelihood of success that the prior art in fact disclosed further analyzing residue data even under BT's proposed construction. D.I. 101 Ex. 1 at 24-28; *see also* D.I. 101 Ex. 2 at 24-27. The PTAB's final written decision in the 641 IPR would therefore allow the Court to rule on PAN's expected motion for summary judgment under § 101 based on a full record and the PTO's final word on the issue. Therefore, "it makes sense…to have the PTAB's work be done first, and for the Court and the parties to benefit from that work in the District Court thereafter." *Speyside Medical,* No. 20-361-CJB, D.I. 155.

**The Stage Of This Case Favors A Stay**

BT alleges that "any delays in the case are attributable to PAN," but BT waited **over four years** to file its complaint "to enforce the '237 and '641 Patents." D.I. 106 at 4. After first sending PAN notice letters in June 2018, BT waited until the eve of their patent's expiration to file this complaint in November 2022. In contrast, BT diligently filed its IPR petitions only five months after the complaint filing and had no obligation to file any sooner considering that the patents were near expiration and BT had not yet filed suit. *Id.* Since filing the complaint, BT has made little effort to speed the case—fact discovery is still at an early stage, no depositions have been taken, the parties have not exchanged claim constructions, expert discovery has not commenced, and trial is over a year and a half away. Thus, this factor favors a stay. *See Speyside Medical,* No. 20-361-CJB, D.I. 155 (granting a stay where "there is still much work to do (including taking all or nearly all of the depositions in the case, holding a Markman hearing and resolving claim construction, pursuing expert discovery, and resolving summary judgment and Daubert motions)."); *see also WSOU Inv., LLC v. Netgear, Inc.*, No. 21-1117-MN-CJB, D.I. 97 at 2 (D. Del. Nov. 30, 2022); *Boston Sci. Corp. Cook Grp. Inc.*, No. 15-980-LPS-CJB, D.I. 304 at 10 (D. Del. Aug. 16, 2017).

**There Is No Prejudice Because BT's Patents Are Expired And BT Is Not A Competitor**

BT contends that a "stay would unduly prejudice BT," but provides no examples of how BT could be prejudiced. Both patents are expired, so BT is limited to past damages. Moreover, BT is not a competitor of PAN, but a reseller partner. Indeed, BT does not sell any of its own products that embody the asserted patent. D.I. 106 at 4-5. BT complains of prejudice because PAN filed its IPR petitions five months after the Complaint, but cites no authority for support. *Id.* Indeed, the case law is clear that five months does not constitute an undue delay. *See Princeton Digit. Image Corp. v. Konami Digit. Ent., Inc.*, 12-1461-LPS-CJB, 2014 WL 3819458, at *10-12 (D. Del. Jan. 15, 2014) (finding this factor favored a stay where IPR petitions were filed "almost a year to the day after Plaintiff filed the initial Complaint"); *WSOU Inv.*, No. 21-1117-MN-CJB, D.I. 97 at 3 (granting stay where petitions were filed "close to the one-year statutory deadline"). BT can hardly complain of a stay lasting less than one-year (the statutory timeframe of an IPR) when it waited **over four years** to file the complaint. Indeed, BT was able to delay filing precisely because it is not a competitor and suffered no harm from waiting. *See* D.I. 101 at 3. BT's alleged "damages, if any, are purely monetary and can be accommodated by the award of interest if [BT] ultimately prevails." *Princeton Digit. Image*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *6.

BT further contends that a stay will "give PAN a clear tactical advantage" because it will grant "PAN more opportunities to construe claims" and assert prior art. D.I. 106 at 5. Not so. PAN derives no unique tactical advantage by seeking a stay. On the contrary, PAN will make arguments and take positions in the IPR that BT can seek to leverage in the litigation. PAN has even adopted, and the PTAB has applied, BT's construction for "residual data" in the IPR. The PTAB's treatment of the claims under this construction and its assessment of the parties' arguments will inform the Court's own analysis to either PAN or BT's benefit. Put plainly, PAN cannot make the IPR go away if the PTAB comes out unfavorably. The Court will have the PTAB record and regardless whether estoppel applies or not, the Court will benefit from the expertise of the PTAB.

Thus, all the factors favor a stay and PAN respectfully requests that the Court grant its motion.

                                          Respectfully submitted,

                                          /s/ Brian E. Farnan

                                          Brian E. Farnan

cc: Counsel of Record (Via E-Filing)