**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801-6108
302.984.6000
potteranderson.com



Philip A. Rovner
Partner
provner@potteranderson.com
Direct  302.984.6140

April 30, 2024

**VIA E-FILING AND HAND DELIVERY**

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re: *British Telecommunications PLC, et al. v. Palo Alto Networks, Inc.*
       D. Del. C.A. No. 22-1538-CJB

**EXPEDITED LETTER BRIEFING AND CONSIDERATION RESPECTFULLY REQUESTED AS REQUESTED RELIEF RELATES TO BT'S MAY 8TH MARKMAN REPLY BRIEF**

Dear Judge Burke:

We represent Plaintiffs British Telecommunications plc, and BT Americas, Inc. (collectively "BT") to seek Your Honor's guidance regarding Defendant Palo Alto Network, Inc.'s ("PAN") inclusion of indefiniteness arguments at the claim construction stage even though the parties' agreement—and the Court's preferred practice—do not provide for such an inclusion.  Indeed, the parties previously agreed that "terms defendant identified as indefinite . . . do not need to be briefed during claim construction."  D.I. 119 at 1; *see also id.* n.4.  Nevertheless, without any advance notice PAN made extensive indefiniteness arguments, with a supporting expert declaration, regarding two claim terms in its Answering Claim Construction Brief.  Ex. A. at 17-23.  Since BT's Reply Brief is due on May 8, 2024, BT requests that the Court order that any indefiniteness arguments be deferred to a later stage so that the Court and the parties can focus on claim construction at the upcoming *Markman* hearing.

Prior to engaging in claim construction briefing, the parties agreed to address indefiniteness after claim construction "at the appropriate time."  D.I. 119 at n.4.  PAN, however, has disregarded that agreement, seeking to press the issue of indefiniteness during claim construction regarding two disputed terms.  First, PAN included indefiniteness arguments regarding two claim terms in the "Terms in Dispute, which need to be briefed" portion of the Joint Claim Construction Chart, over BT's objection.  *Id.* at 16, 19 & n.3.  Then, in its Answering Claim Construction Brief served on April 24, 2024, PAN extensively argued indefiniteness concerning these terms.[1]  *See* Ex. A at 17-

---

[1] PAN also criticizes BT for failing to preemptively rebut its indefiniteness arguments regarding these terms.  Ex. A at 18.  But PAN—not BT— bears the burden on proving indefiniteness and it never previously explained the basis for its indefiniteness position to BT.  The differing burdens between indefiniteness and claim construction further underscore that neither the parties or the

23. PAN did not propose any alternate construction for these terms; thus, the only real dispute presented regarding these terms is their definiteness. *See id.*; *see also Baxter Healthcare Corp. v. Nevakar Injectables, Inc.*, No. 21-1184-CJB, 2023 WL 4175261, at *2 n.5 (D. Del. June 26, 2023) (holding where the only dispute regarding a term is its definiteness, it is appropriate to defer ruling after claim construction).

Importantly, PAN's arguments regarding indefiniteness are not related to BT's arguments regarding claim construction of the two terms. BT's proposed construction of the term "feedback . . . based on empirically-derived information" focuses on the construction of "feedback" and how it is used in the intrinsic evidence. BT's proposed construction does not construe "empirically-derived," and even uses the phrase "derived from an empirical analysis" within the construction itself. Ex. A at 17. PAN's arguments regarding indefiniteness, however, are specifically directed to the term "empirically-derived information reflecting operation of said monitoring system." *Id.* at 18. Thus, PAN's argument that the "empirically-derived term" is indefinite has no bearing on the meaning of the "feedback" term that BT has proposed for construction. Rather, PAN merely uses BT's proposed term to shoehorn its premature indefiniteness argument into its claim construction brief.

PAN also misrepresented the parties' prior agreement regarding indefiniteness at the claim construction stage. *Id.*; *see* D.I. 119 at 1 (describing the parties' agreement as "terms defendant identified as indefinite . . . do not need to be briefed during claim construction."). BT did not "agree[] the indefiniteness of Term Nos. 8 and 9 should be addressed during claim construction" as PAN now claims. *Id.* at 18. In fact, BT explicitly objected to the inclusion of indefiniteness arguments during claim construction (*see* D.I. 119 at n.3), and PAN's response to BT's objection—that it intended to brief indefiniteness for certain terms—was consistent with the previously-agreed upon approach of briefing indefiniteness later in the case. At no time did PAN expressly indicate its intent to brief this issue during the *Markman* process. PAN should not be permitted to ignore the parties' prior agreement and force its indefiniteness arguments into the claim construction proceedings.

Even setting aside the parties' agreement on when to address indefiniteness, this Court has repeatedly held that issues of indefiniteness are best addressed at later stages of the case, after claim construction. *See, e.g., Location Based Servs., LLC v. Sony Electronic Inc.*, No. 1:18-cv-00283-CJB, Oral Order (D. Del. Nov. 15, 2018) ("Definiteness can be a challenging issue for a Court to resolve at the claim construction stage."); *Glaxosmithkline LLC v. Glenmark Pharma. Inc., USA*, No. 14-877-LPS-CJB, Report & Recommendation (D. Del. June 3, 2016); *Baxter Healthcare Corp. v. Nevakar Injectables, Inc.*, No. 21-1184-CJB, 2023 WL 4175261, at *2 n.5 (D. Del. June 26, 2023); *Personal Audio LLC v. Google LLC*, No. 1:17-cv-01751-CJB, Oral Order (D. Del. July 30, 2018).

As is demonstrated by PAN's reliance on an expert declaration, indefiniteness necessarily "involve[s] reliance on extrinsic evidence and expert testimony." *Location Based Servs.*, Oral Order. Issues of definiteness require thorough briefing, expert depositions, and expert analysis

---

briefing schedule (which required BT to serve the opening brief) contemplated briefing indefiniteness as part of claim construction.

regarding the disputed terms.  *See id.*; *Glaxosmithkline*, Report & Recommendation at 40 (holding "the Court would certainly benefit from fuller briefing" regarding indefiniteness).  This Court has previously noted it "is skeptical that a sufficient period for discovery/expert analysis could be shoe-horned into the limited time between" claim construction briefing and the *Markman* hearing."  *Id.*

That is exactly what PAN seeks to do here. Absent the Court's intervention, BT has approximately two weeks to respond to PAN's claim construction and indefiniteness arguments in its reply brief.  Addressing indefiniteness in this short time in disregard of the parties' previous agreement puts BT at a tactical disadvantage as it would need to work with its expert on an expedited basis without the benefit of having deposed PAN's expert who put in a declaration.  Fairness dictates that prior to briefing indefiniteness, BT should also be given the opportunity to depose PAN's expert. *Astellas Pharma Inc. v. Actavis Elizabeth LLC*, No. 16-905-JFB-CJB, 2018 WL 1061368, at *1 (D. Del. Feb. 27, 2018).  Under the current two-week schedule, which PAN has been aware of for months, there is insufficient time to establish a fulsome record regarding the definiteness of these terms, while also fully addressing the parties' disputes regarding claim construction.

Moreover, there is no reason to brief indefiniteness at this stage. PAN has already agreed to address its other indefiniteness arguments at a later stage of the proceeding; there would be no prejudice to PAN to defer its current arguments to that later stage as well.  Moreover, it would be a waste of judicial resources to address PAN's indefiniteness arguments twice—requiring multiple expert depositions and rounds of briefing addressing the same issues.  PAN could have appropriately argued for an alternate construction of these two terms in its Answering Claim Construction Brief, preserving its indefiniteness arguments for later in the case.  *See Glaxosmithkline*, Report & Recommendation at 41.  Instead, PAN has prematurely inserted its indefiniteness arguments into claim construction, without any justification for doing so, and expects BT to respond.

BT respectfully requests that the Court defer briefing and argument on the issues of indefiniteness to a later stage of the case, as the parties initially agreed. This would allow both parties, and the Court, ample time to fully analyze indefiniteness, including supporting expert opinions.  *See Indus. Tech. Research Inst. V. LG Elecs. Inc.*, No. 3:13-cv-02016-GPC-WVG, 2014 WL 6907449, at *3 (S.D. Cal. Dec. 8, 2014) (a "federal district court's 'duty' when determining indefiniteness demands more than a mere perfunctory inspection. . . . the Court defers the determination of indefiniteness to a later stage of the proceedings so the parties may thoroughly brief the Court on the matter").

BT respectfully seeks the Court's guidance prior to filing its reply brief on May 8, 2024 to avoid waiving any indefiniteness arguments, should the Court choose to take those up at the *Markman* hearing.  Given the short time frame until BT's brief is due, expedited letter briefing and consideration is requested.  The parties met and conferred by telephone on April 29, 2024 and are now at an impasse.

                                                   Respectfully,

                                                   */s/ Philip A. Rovner*

                                                 Philip A. Rovner

cc:  Counsel of Record (via E-File)