**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BRITISH TELECOMMUNICATIONS PLC
and BT AMERICAS, INC.,

               Plaintiffs,

    v.

PALO ALTO NETWORKS, INC.,

               Defendant,

C.A. No. 22-cv-1538-CJB

**JURY TRIAL DEMANDED**

**DEFENDANT PALO ALTO NETWORKS, INC.'S RESPONSE TO PLAINTIFFS'**
**APRIL 30, 2024 LETTER REGARDING CLAIM CONSTRUCTION BRIEFING**

Dated:  May 1, 2024

OF COUNSEL:
Adrian C. Percer (admitted *pro hac vice*)
Gregg T. Stephenson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
adrian.percer@weil.com
gregg.stephenson@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC  20036
Priyata.patel@weil.com

Anish R. Desai (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
tom.yu@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*
*Palo Alto Networks, Inc.*

Dear Judge Burke:

Defendant Palo Alto Networks, Inc. ("PAN") writes in response to Plaintiffs British Telecommunications plc and BT Americas, Inc.'s ("BT"), April 30, 2024 letter.  D.I. 125.  The dispute is straightforward—should the Court take up the issue of whether to adopt BT's proposed construction of Term No. 8 ***together with*** the issue of indefiniteness of that same term and related Term No. 9?  BT insists that the Court adopt its construction of Term No. 8 during claim construction, but requests that the Court defer briefing on the issue of indefiniteness of both Term Nos. 8 and 9 for a later time.  Splitting the issues as BT proposes is highly prejudicial to PAN because it would allow BT to propose its construction of Term No. 8 without allowing PAN the opportunity rebut BT's construction based on PAN's view that the term is indefinite.  The Court should instead consider these issues together—whether now or at a later time.

The terms at issue are: **(1)** Term No. 8: "feedback . . . based on ***empirically derived information***"; and **(2)** Term No. 9: "***empirically derived information*** reflecting operation of said security monitoring system."  D.I. 119 at 16, 19.  These two terms are connected and relate to the same clause: "receiving feedback at the probe based on empirically-derived information reflecting operation of said security monitoring system."  '237 patent at Claim 1(d).  BT proposes a construction for Term No. 8, which PAN disputes.  D.I. 119 at 16.  PAN contends that both terms are indefinite.  Contrary to BT's bold mischaracterization, both terms were identified in the parties Joint Chart as "terms that need to be briefed during claim construction."  D.I. 119 at 1, 16-22.

The Court should consider at the same time whether to adopt BT's construction of Term No. 8 and whether Term Nos. 8 and 9 are indefinite because the issues rise and fall together.  Contrary to BT's assertions, PAN's indefiniteness arguments are inextricably linked to BT's arguments regarding the construction of Term No. 8.  PAN argues that the terms are indefinite because the intrinsic record fails to inform what is the "information reflecting operation of said security monitoring system" that is being "empirically-derived."  D.I. 125, Ex. 1 at 18-23.  BT's proposed construction rewrites the terms in an effort to resolve this ambiguity.  Ex. 1 at 18-20.  Specifically, BT proposes a construction that requires that the feedback is "derived from an empirical analysis ***of the information previously transmitted***," but the existing claim language includes no such recitation.  D.I. 125 Ex. 1 at 18-20. If the Court does not decide the issues together, the parties will be in the odd position that permits BT to argue a construction, but precludes PAN from explaining that BT's construction is for the purpose of resolving indefiniteness.

The Court should reject BT's arguments to the contrary.

First, BT's cited cases are inapposite.  The Court in *Baxter Healthcare Corp. v. Nevakar Injectables, Inc.*, found that where it is "clear that the only dispute with respect to [a] term was whether it was indefinite or not" and "***the parties did not dispute the construction of the term itself***," it was appropriate to defer briefing.  No. 21-1184-CJB, 2023 WL 4175261, at *2 n.5 (D. Del. June 26, 2023).  Unlike the plaintiff in *Baxter*, here, BT proposes a disputed construction that requires briefing.  BT's additional cases are similarly unavailing.  *See e.g.*, *Location Based Servs. LLC v. Sony Elec. Inc.*, No. 1:18-cv-00283-CJB, Oral Order (D. Del. Nov. 15, 2018) (deferring a request for "super-early" indefiniteness briefing ***prior to claim construction*** where plaintiff ***did not*** propose an affirmative construction); *Personal Audio LLC v. Google LLC*, No. 1:17-cv-01751-CJB, Oral Order (D. Del. July 30, 2018) (deferring indefiniteness argument on a term that was

proposed on the eve of the Markman hearing *after* claim construction briefing was complete); *Glaxosmithkline LLC v. Glanmark Pharma. Inc.*, 14-877-LPS-CJB, Report & Recommendation (D. Del. June 3, 2016) (allowing indefiniteness briefing, but deferring an order where briefing did not present a sufficient record for a determination). In fact, BT has failed to cite a single case where the parties disputed the construction of a term and the issue of indefiniteness of that same term was deferred.

Second, BT argues that the parties agreed that **all** indefiniteness arguments would be deferred. D.I. 125 at 1. Not so. The parties agreed to brief indefiniteness of any terms for which BT proposed an affirmative construction and to defer the rest.[1] This is clear from the language of the Joint Chart, which expressly identifies Term Nos. 8 and 9 as terms that should be briefed, and the parties' correspondence. D.I. 119 at 16-22; Ex. 2. When BT first proposed a construction for Term No. 8 during the exchange of proposed terms, PAN was clear that if BT briefed its construction, it would be necessary for PAN to brief its indefiniteness. Ex. 1 at 2. In fact, after proposing a construction, BT never objected or expressed any concern with briefing the indefiniteness of Term No. 8. D.I. 119 at 16; *see also* Ex. 1. PAN's position that it is necessary to brief indefiniteness of Term No. 9 was similarly clear, given the substantial overlap with Term No. 8. Ex. 1 at 1-2 (email to BT explaining that inclusion of Term No. 9 "is necessary to provide more context to your proposed claim term"). Thus, BT was aware of PAN's intent to brief indefiniteness and even agreed, without any objection, to brief indefiniteness of Term No. 8.

BT's additional complaints that it is at a "tactical disadvantage" are similarly unconvincing. D.I. 125 at 3. BT contends that it will need to work on an "expedited basis;" but BT has had PAN's Answering Claim Construction Brief since April 24th and did not raise this issue until April 29th. Moreover, as explained above, BT has been aware of PAN's intent to brief indefiniteness for over two months. Ex. 1; *see also* D.I. 119 at 16-22. Despite this, BT did not raise any scheduling concerns with PAN nor request a reasonable extension to the schedule. BT further complains that it is "without the benefit of having deposed PAN's expert," but BT has made no effort to notice or otherwise request a deposition. PAN's expert can be promptly made available for a deposition regarding his report.

For these reasons, PAN respectfully requests either that: (1) the Court consider the indefiniteness of Term Nos. 8 and 9 together with BT's proposed construction of Term No. 8 during claim construction; or (2) BT withdraw its proposed construction of Term No. 8 and the parties defer briefing on the indefiniteness of Term Nos. 8 and 9.

---

[1] As evident in the Joint Claim Construction Chart, the parties agreed to brief terms listed in Section II, "Terms in Dispute, which need to be briefed." *See* D.I. 119 at 2-22. The parties also agreed to defer briefing terms listed in Section III, "Terms Defendant Identified as Indefinite, which do not need to Briefed" "at the appropriate time." *See id.* at 23 n.4.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)