IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant, | C.A. No. 22-cv-1538-CJB <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT PALO ALTO NETWORKS, INC.'S LETTER BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING EX PARTES REEXAMINATION**

Dated: May 15, 2024

Adrian C. Percer (admitted *pro hac vice*)
Gregg T. Stephenson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
adrian.percer@weil.com
gregg.stephenson@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
priyata.patel@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Anish R. Desai (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
tom.yu@weil.com

*Attorneys for Defendant*
*Palo Alto Networks, Inc.*

Dear Judge Burke:

Pursuant to Paragraph 10 of the Scheduling Order (D.I. 62), we write on behalf of Defendant Palo Alto Networks, Inc. ("PAN") to respectfully request that the Court stay this suit pending the outcome of PAN's ordered *ex parte* reexamination ("EPR") of the single expired patent in this case. Plaintiffs, British Telecommunications plc and BT Americas, Inc. (collectively, "BT"), allege infringement of 14 claims of U.S. Patent No. 7,159,237 ("the '237 Patent"). D.I. 1; D.I. 110. On May 14, 2024, the United States Patent and Trademark Office ("PTO") issued an order granting EPR on all 14 asserted claims of the '237 Patent. Ex. 1.

The decision to stay a case pending resolution of PTO proceedings lies within the sound discretion of the Court based on the following three factors: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-1108-LPS-CJB, 2016 WL 4474340, at *2 (D. Del. July 14, 2016). All three factors weigh in favor of a stay.

**Factual Background**

The '237 Patent issued on January 2, 2007. D.I. 1-1, Ex. A. The '237 Patent expired May 11, 2023. *Id.* On November 28, 2022, BT filed this suit asserting that PAN's products infringe 14 claims of the '237 Patent. D.I. 1.

On December 4, 2023, PAN requested a stay of this suit pending *inter partes* review of one of two asserted patents. D.I. 101. After PAN requested the stay, on December 7, 2023, BT stipulated to dismissal of all claims of the patent subject to *inter partes* review. D.I. 104. On February 15, 2024, the Court denied the motion to stay on the basis that "the only patent-in-suit in the case is not at issue in the IPR." D.I. 117.

On February 16, 2024, PAN filed a request for EPR of the only remaining asserted patent, the '237 Patent. Ex. 2. On May 14, 2024, the PTO ordered reexamination of the '237 Patent, finding that each of the four proposed grounds for rejection raises a substantial new question of patentability. Ex. 1 at 12, 16, 20. PAN respectfully requests that the Court stay this suit pending the outcome of the EPR of the only remaining patent-in-suit.

**A Stay Pending EPR Will Simplify the Issues in This Case**

A stay of the suit pending reexamination on the '237 Patent will streamline the issues in this case. This Court has consistently found that this factor weighs in favor of a stay where validity of the asserted patents is under review in parallel proceedings, including EPR. *See, e.g.*, *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503 (D. Del. 2012) (granting motion to stay pending EPR); *Satius Holding, Inc. v. Samsung Electronics Co., Ltd.*, 18-cv-00850, D.I. 86 (D. Del. Dec. 11, 2019); *Contour IP Holding*, No. 15-1108-LPS-CJB, 2016 WL 4474340, at *3; *Speyside Medical, LLC v. Medtronic CoreValve LLC*, No. 20-361-CJB, D.I. 155 (D. Del. Sept. 30, 2021); *360Heros, Inc. v. GoPro, Inc.*, No. 17-1302-CJB, D.I. 132 (D. Del. June 5, 2019).

1

A stay is appropriate because PTO statistics confirm that it is unlikely that the '237 Patent will survive reexamination. Over the past year, 78.4% of EPRs resulted in cancellation of all claims, or amendment. Ex. 3 at 2. Because the '237 Patent has expired, its claims cannot be amended (37 C.F.R. § 1.530(j)), so any defects in the claims would require the claims to be cancelled. Any determination cancelling the asserted claims of '237 Patent would simplify this case and prevent unnecessary complications down the line. As this Court has articulated, "with all of the asserted claims at issue there, there is a real prospect that the parties and the Court could engage in a significant amount of work going forward, only to have the PTO end up eliminating all claims at issue (or otherwise issuing decisions that could have a significant impact on the invalidity case)." *Satius Holdings*, D.I. 86 (D. Del. Dec. 11, 2019). Further, even if BT prevails, "the Court would then at least have the benefit of the PTO's views on the prior art" which "could help focus and streamline the Court's review of issues surrounding that art later in this litigation." *Id.* Thus, the simplification factor weighs in favor of a stay.

**The Stage of This Case Favors a Stay**

A stay is also appropriate because this case is still at its infancy. Fact discovery is at an early stage, no depositions have been taken, expert discovery has not yet commenced, and trial is over a year away. D.I. 59. The claim construction hearing is also scheduled for June 27, 2024, more than a month from now. *Id.* Thus, this is an opportune time to stay this case before the Court and the parties invest additional substantial resources in this case. A stay is appropriate where (as here) there are "many substantial milestones still ahead (i.e., the Markman hearing and the issuance of claim construction decisions, fact deposition-related discovery, expert discovery, summary judgment)." *Id.*; *see also Speyside Medical*, No. 20-361-CJB, D.I. 155; *see also WSOU Inv., LLC v. Netgear, Inc.*, No. 21-1117-MN-CJB, D.I. 97 at 2 (D. Del. Nov. 30, 2022) (finding a stay appropriate even where, "by the time of the Motions' filing … a *Markman* hearing had just been held"); *Boston Sci. Corp. v. Cook Grp. Inc.*, No. 15-980-LPS-CJB, D.I. 304 at 10 (D. Del. Aug. 16, 2017). Given the early stage of this litigation, and PAN's timeliness in seeking EPR review as well as filing this motion, this factor favors staying the case.

**There Is No Prejudice Because BT Is Not a Competitor and the '237 Patent Is Expired**

BT will not be prejudiced by a stay. A stay in this case will avoid simultaneous proceedings in this Court and the PTO on the same patent—the Court and both parties will benefit from the efficiency. There is also no urgency for this case to proceed in parallel with the EPR because PAN and BT are not competitors and the '237 Patent is expired. BT will only be able to seek limited money damages up until the '237 Patent's expiration date in May of 2023, and a stay will not affect any damages calculation. Additionally, BT does not contend that it practices the expired '237 Patent or that it sells a product that competes with the accused products. Indeed, BT declined to answer PAN's interrogatory regarding whether any BT "products practice one or more claims of the Asserted Patents" because "BT is not seeking lost profits for the accused products or an injunction." D.I. 101, Ex. 3 at 6. Thus, this factor favors a stay because "the parties are not direct competitors and Plaintiff will be able to seek monetary damages to fully compensate it for infringement occurring between now and when a stay ends." *Satius Holdings*, D.I. 86.

Moreover, BT cannot complain of any prejudice given its substantial delay in filing its Complaint. The '237 Patent issued in January 2, 2007 (D.I. 1-1, Ex. A) and PAN's accused products have been

on the market for years—e.g., versions of PAN-OS that BT has accused in its Complaint have been available since at least November 2012. *See* D.I. 98, Ex. A at 26, 32, 34; *see also* D.I. 101, Ex. 4, Ex. 6 at 2-5. Despite the fact that the '237 Patent and the accused products have existed for years, BT sat on its rights for at least a decade before finally filing its Complaint against PAN in 2022. *See* D.I. 1. This Court has found a stay appropriate in similar circumstances. *See Princeton Digit. Image*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (finding the relationship of the parties favors a stay where the "patent-in-suit has expired" and "damages, if any, are purely monetary and can be accommodated by the award of interest if [plaintiff] ultimately prevails"); *ImmerVision, Inc. v. Apple Inc.*, No. 21-01484-CJB, D.I. 159 (D. Del. Oct. 17, 2023) (finding that "the undue prejudice factor surely favors a stay" where "the parties are not competitors" and the asserted patent "has expired, and so only money damages are at stake here regarding past alleged infringement"). Thus, a stay pending the EPR would not unduly prejudice BT, because BT will not suffer any ongoing damages. Further, any delay caused by a stay will be significantly shorter than the delay caused by BT's own failure to timely file their Complaint.

For the foregoing reasons, all three factors favor a stay. PAN respectfully requests that the Court stay this case until the EPR proceeding cancelling the asserted claims of the '237 Patent is completed.

    Respectfully submitted,

    /s/ Brian E. Farnan

    Brian E. Farnan

cc: Counsel of Record (Via E-Filing)