# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant, | C.A. No. 22-cv-01538-CJB <br><br> **JURY TRIAL DEMANDED** |

## PALO ALTO NETWORKS, INC.'S REPLY LETTER BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING EX PARTE REEXAMINATION

Dated: May 24, 2024

OF COUNSEL:
Adrian C. Percer (admitted *pro hac vice*)
Gregg T. Stephenson (admitted *pro hac vice*)
Charles Lee (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
adrian.percer@weil.com
gregg.stephenson@weil.com
charles.lee@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
priyata.patel@weil.com

Anish R. Desai (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
tom.yu@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*
*Palo Alto Networks, Inc.*

Dear Judge Burke:

PAN respectfully submits this reply letter in support of its Motion to Stay Pending EPR. D.I. 131. A stay is appropriate while the PTO evaluates a "substantial new question of patentability affecting" all claims of the sole expired patent in this case. D.I. 131-1 at 5.

**A Stay Pending EPR Of The '237 Patent Will Simplify The Issues In This Case**

BT all but ignores the most straight-forward simplification argument: 78.4% of the time, all or some claims are cancelled during an EPR. D.I. 131-3 at 2. Accordingly, an EPR is "highly likely to result in at least some cancelled … claims. 'If all or some of the asserted claims are cancelled, this litigation would be simplified' or mooted entirely." *Charles Smith Enter. LLC v. Catapult Sports, Inc.*, No. 21-cv-1278-CFC (D. Del. May 2, 2023) (quoting *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010)). BT's primary argument is that, "given the strength of the '237 Patent and the weakness of PAN's EPR prior art, this factor should weigh against a stay." D.I. 135 at 2 (emphasis in original). But even disregarding EPR statistics, the PTO instituted the EPR on not just one, but *four separate grounds* because "the teachings of the cited prior art raise a substantial new question of patentability with regard to [all claims] of the '237 patent." D.I. 131-1at 15. Moreover, BT *cannot amend* those claims because the '237 Patent is expired. And further, BT fails to cite a single case, let alone one with similar facts, where an instituted EPR weighs against a stay on the simplification factor. *See, e.g., Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, No. 10-503-SLR, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010); *Mission Abstract Data LLC v. Beasley Broad. Grp., Inc.*, No. 11-176-LPS, 2011 WL 5523315, at *3 (D. Del. Nov. 14, 2011); *Cooper Notification,* 2010 WL 5149351, at *2-3.

BT also asserts that a stay will not simplify the case because "PAN is not estopped from re-raising any of the same 102 and 103 invalidity issues raised in the EPR." D.I. 135 at 2. This argument ignores that the highly likely outcome here results in the claims being cancelled, mooting the litigation. *British Telecomms. v. IAC/InteractiveCorp.*, C.A. No. 18-366-WCB, 2020 WL 5517283, at *9 (D. Del. Sept. 11, 2020). Regardless, Delaware courts have routinely dismissed this argument in the context of EPR because of the other simplifying advantages provided by EPR. *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012); *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001); *Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*, C.A. No. 09-571-JJF, 2010 WL 2573925, at *2-4 (D. Del. June 25, 2010). Moreover, even if the EPR is unsuccessful, "the Court will have the benefit of the PTO's expertise and views on the prior art, which can help focus and streamline the Court's review of issues surrounding that art later in this litigation." *Ever Win Int'l*, 902 F. Supp. 2d at 506-7; *Satius Holding, Inc. v. Samsung Elec. Co. Ltd.*, No. 18-cv-850-CJB (D. Del. Dec. 11, 2019) ("[W]hile it is true . . . Defendants will not be estopped from raising the same invalidity issues here, the Court would then at least have the benefit of the PTO's views on the prior art"); *Gioello Enters. Ltd.*, 2001 WL 125340, at *1; *Enhanced Sec. Rsch.*, 2010 WL 2573925, at *2-4.

**There Is No Prejudice To BT**

BT speculates that a "stay would unduly prejudice BT," but: (1) the sole asserted patent is expired, (2) BT is limited to past damages, (3) BT and PAN are not competitors, and (4) BT does not sell any products that embody the asserted patent. D.I. 135 at 4-5. Thus, this factor *favors a stay*,

because "the parties are not direct competitors and Plaintiff will be able to seek monetary damages to fully compensate it for infringement occurring between now and when a stay ends." *Satius Holdings Inc.*, No. 18-cv-850 (Dec. 11, 2019); *see also Charles Smith Enter.*, 21-cv-1278-CFC (May 2, 2023) (in favor of a stay where the "parties are not competitors, and the only relief [plaintiff] seeks is money damages."); *Ever Win Int'l*, 902 F. Supp. 2d at 508-11. BT also contends that "PAN's goal is to cause undue delay." D.I. 135 at 4. Yet, as BT acknowledges, PAN filed its EPR only 3 months after the IPR decision and 15 months after the Complaint. The Court has found that this factor favors a stay under similar conditions. *Satius Holdings*, No. 18-cv-850 (Dec. 11, 2019) (favoring a stay where "Defendants did wait 15 months until after Plaintiff filed this action to file their request for reexamination"); *Charles Smith Enter.*, No. 21-cv-1278 (May 2, 2023) (no undue prejudice where "Defendants waited 18 months after the start of this litigation to seek reexamination"). Indeed, PAN expeditiously filed this Motion the day after the PTO ordered the EPR and is filing this reply days before its due date. BT's own behavior confirms this case is not urgent. BT waited until the eve of its patent's expiration to file suit, which was *over four years* after sending its first notice letter to PAN.

BT further alleges that PAN is engaging in "gamesmanship" by "adjusting" its invalidity positions. D.I. 135 at 5. But the parties have only exchanged preliminary contentions and the Court has not yet held its Markman Hearing. PAN cannot be faulted for updating its invalidity theories as the case progresses through these early stages. Indeed, PAN has been above-board at every step – *e.g.*, updating its preliminary contentions as new prior art is located. BT has yet to provide PAN the same courtesy concerning its infringement contentions. Further, BT's allegation that PAN is "circumvent[ing] the parties' prior agreement" is simply baseless, and BT has not previously raised this issued with PAN. D.I. 135 at 5.

Finally, BT suggests that PAN is moving from one failed argument to the next. *Id*. But PAN's actions have significantly narrowed this case. This case started with two patents. BT withdrew one patent with prejudice, and the Patent Office has now concluded that a "substantial new question of patentability" exists for the remaining patent. The Patent Office has laid bare the weakness of BT's patents and there is no reason this case should not be stayed to avoid significant time and expense to the parties and this Court.

**The Stage Of This Case Favors A Stay**

BT contends that the stage of the case disfavors a stay because "a significant amount of work has been put into this case." BT, unsurprisingly, fails to cite a single case where a comparable stage disfavored a stay. *See* D.I. 135 at 3-4. Indeed, this Court routinely finds that this factor favors a stay where, as here, "fact discovery is not complete, and expert discovery has not begun," there has not been a *Markman* hearing, source code review has not begun, and "neither party has taken any depositions." *Stryker Corp. v. Microvention, Inc.*, No. 21-cv-36-CFC (D. Del. Dec. 13, 2021); *see also Satius Holding, Inc.*, No. 18-cv-850 (D. Del. Dec. 11, 2019) (stage of case favors a stay where "many substantial milestones still ahead (i.e., the Markman hearing and the issuance of claim construction decisions, fact deposition-related discovery, expert discovery, summary judgment)"); *Dental Monitoring v. Get-Grin, Inc.*, No. 22-cv-00647-WCB (D. Del. Apr. 9, 2024); *Charles Smith Enter.*, No. 21-cv-1278 (D. Del. May 2, 2023).

Thus, all the factors favor a stay and PAN respectfully requests that the Court grant its motion.

Respectfully submitted,

*/s/ Brian E. Farnan*

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)