# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRITISH TELECOMMUNICATIONS
PLC and BT AMERICAS, INC.,

     *Plaintiffs*,

  v.

PALO ALTO NETWORKS, INC.,

     *Defendant*.

C.A. No. 22-01538-CJB

**JURY TRIAL DEMANDED**

---

## DEFENDANT PALO ALTO NETWORKS, INC.'S COMMENTS ON PLAINTIFFS' TECHNOLOGY TUTORIAL

Dated: June 5, 2024

Of Counsel:

Adrian C. Percer (admitted *pro hac vice*)
Charles Lee (admitted *pro hac vice*)
Gregg T. Stephenson (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
adrian.percer@weil.com
charles.lee@weil.com
gregg.stephenson@weil.com

Anish R. Desai (admitted *pro hac vice*)
Ian Moore (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
ian.moore@weil.com
tom.yu@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
2001 M Street, NW Suite #600
Washington, D.C. 20036
Telephone: (202) 682-7000
priyata.patel@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant Palo Alto Networks, Inc.*

Pursuant to Paragraph 11 of the Court's August 8, 2023 Scheduling Order (D.I. 62), Defendant Palo Alto Networks, Inc. ("PAN") herein provides comments and observations on Plaintiffs British Telecommunications plc and BT Americas, Inc. ("BT") Technology Tutorial, submitted on May 29, 2024.   For the Court's convenience, PAN addresses its comments to particular slides of BT's technology tutorial.

## I.    IMPROPER ARGUMENTS REGARDING CLAIM CONSTRUCTION

PAN objects to BT's tutorial slides 4, 11-12, and 24-25 for improperly including attorney arguments regarding claim construction.   In particular:

- **Slides 4 and 24-25**: PAN objects to these slides to the extent BT claims it represents that the "SOC provides feedback" to the probe.   The parties dispute whether this term is indefinite, in which "any disputes about claim construction and definiteness as to those terms will be deferred until a later point in the case."   D.I. 128.

- **Slides 11-12**: PAN objects to these slides because BT improperly advocates a construction of the disputed "filtering" terms by representing that the data must undergo both negative and positive filters based on the exemplary embodiment of Figure 2.   Whether the claims require both negative and positive filtering is a key point of contention between the parties.   *See* D.I. 118, Term Nos. 1-3.   PAN further objects to Slide 12 because BT mischaracterizes positive filtering as "underlying traffic" that "is suspicious and requires further attention."

BT's inclusion of such attorney arguments regarding claim construction is contrary to the Court's Order.   *See* D.I. 62, ¶ 11 (tutorial "should not be used to argue the parties' claims construction contentions"); *see also* D.I. 128 ("any disputes about claim construction and definiteness as to [Term Nos. 8 and 9] will be deferred until a later point in the case").

## II.     IMPROPER ARGUMENTS REGARDING PRIOR ART AND VALIDITY ISSUES

PAN objects to BT's tutorial slides 3, 14, and 22 for improperly including attorney arguments regarding issues of prior art and validity.  In particular:

- **Slides 3 and 14**: PAN objects to these slides as BT mischaracterizes the prior art for the '237 Patent as broadly being "unable to detect and respond to intelligent attacks, including newer and previously unknown intrusions" and as "not analyz[ing] 'residue' to identify potential security events for further analysis."

- **Slide 22**: PAN objects to this slide as BT improperly makes attorney argument relevant to patent ineligibility.  Specifically, BT mischaracterizes the security analyst as having the option to interface with the SOC by stating that "security analysts *can* interface with SOCRATES," suggesting that security analysts may not have a role in the invention disclosed in the '237 Patent.  On the contrary, BT's cited portions of the specification provide that the security analysts affirmatively interface with SOCRATES.  '237 Patent at 3:34-38, 9:52-56.

BT's inclusion of such attorney arguments regarding prior art and validity is contrary to the purpose of the Court-ordered technology tutorial.  *See* D.I. 62, ¶ 11 (tutorial "should focus on the technology in issue").  PAN reserves the right to respond to BT's attorney arguments regarding prior art and validity in due course.

June 5, 2024

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel*:*  (302) 777-0300
Fax*:*  (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Adrian C. Percer (admitted *pro hac vice*)
Charles Lee (admitted *pro hac vice*)
Gregg T. Stephenson (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
adrian.percer@weil.com
charles.lee@weil.com
gregg.stephenson@weil.com

Anish R. Desai (admitted *pro hac vice*)
Ian Moore (admitted *pro hac vice*)
Tom Yu (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
anish.desai@weil.com
ian.moore@weil.com
tom.yu@weil.com

Priyata Y. Patel (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
2001 M Street, NW Suite #600
Washington, D.C. 20036
Telephone: (202) 682-7000
priyata.patel@weil.com

*Attorneys for Defendant Palo Alto Networks,
Inc.*

3